Michael J. Gleason SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

[Additional Counsel Appear in Signature Block]

Attorneys for Defendants Fidelity National Financial, Inc.; Fidelity National Home Warranty Company; Fidelity National Title Insurance Company; Lawyers Title Company; Chicago Title Company; Commonwealth Land Title Company; and Ticor Title Company of California

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| PAUL PRESTON, on Behalf of Himself and All Others Similarly Situated,<br>    Plaintiffs,<br>v.<br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al*.,<br>    Defendants. | Case No. CV11-09746 DSF (AGRx)<br>MAG. JUDGE ALICIA ROSENBERG<br><br>DISCOVERY MATTER<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING RULINGS ON DEFENDANTS' DISPOSITIVE MOTIONS**<br><br>**Hearing Date:** May 15, 2012<br>**Hearing Time:** 10:00 a.m. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ....................................................................................................1

    I.    BACKGROUND ...................................................................................2

    II.   LAW AND ARGUMENT ....................................................................3

        A.    Discovery Should Be Stayed Pending Resolution of Defendants' Dispositive Motions ..................................................3

        B.    If Preston Lacks Standing, No Discovery to Find a New Class Representative or for Any Other Purpose May Be Allowed ........................................................................................8

CONCLUSION .......................................................................................................11

CERTIFICATE OF SERVICE ...............................................................................13

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
PENDING RULINGS ON DEFENDANTS' DISPOSITIVE MOTIONS

i

# TABLE OF AUTHORITIES

**CASES**                                                                                                **PAGE**

*Bey v. Hedgepeth*,
  No. 1:08-cv-01718, 2010 WL 3034494 (E.D. Cal. Aug. 2, 2010) ...................... 6

*Deitz v. Comcast Corp.*,
  No. C 06-06352 WHA, 2006 U.S. Dist. LEXIS 94333 (N.D. Cal. Dec. 21, 2006) ..................................................................................................... 11

*Electrograph Sys., Inc. v. Epson Imaging Devices Corp.*,
  No. M 07-1827, 2011 U.S. Dist. LEXIS 96739 (N.D. Cal. Aug. 29, 2011) ........ 5

*Foster v. Center Township of LaPorte County*,
  798 F.2d 237 (7th Cir. 1986) ........................................................................... 10

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) .................................................................. 4, 6

*Hangerter v. Provident Life and Accident Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) ........................................................................... 11

*Horsley v. Feldt*,
  304 F.3d 1125 (11th Cir. 2002) ........................................................................ 8

*In re Graphics Processing Units Antitrust Litig.*,
  No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007) .............. 6

*Iron Cloud v. South Dakota*,
  984 F.2d 241 (8th Cir. 1993) ........................................................................... 10

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) ............................................................................. 5

*Johnson v. New York Univ. School of Educ.*,
  205 F.R.D. 433 (S.D.N.Y. 2002) ...................................................................... 7

*Landry v. Air Line Pilots Ass'n Int'l*,
  901 F.2d 404 (5th Cir. 1990) ............................................................................. 8

*Libhart v. Santa Monica Dairy Co.*,
  592 F.2d 1062 (9th Cir. 1979) ........................................................................... 9

*Lierboe v. State Farm Mut. Auto Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) ...........................................................................9

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) ............................................................................4

*Mann v. Brenner*,
   375 Fed. Appx. 232 (3d Cir. 2010) ....................................................................8

*Marpel v. Saukhla*,
   No. 11-cv-0387, 2011 U.S. Dist. LEXIS 97010 (E.D. Cal. Aug. 30, 2011) ........4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .........................................................................5, 7

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) ...........................................................................................4

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ......................................................................................9, 11

*Summit Office Park, Inc. v. United States Steel Corp.*,
   639 F.2d 1278 (5th Cir. 1981) .....................................................................9, 10

*Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*,
   454 U.S. 464 (1982) ..........................................................................................2

*Walters v. Edgar*,
   163 F.3d 430 (7th Cir. 1998) ..........................................................................10

*Warth v. Seldin*,
   422 U.S. 490 (1975) ..........................................................................................2

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981) ............................................................................4

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
PENDING RULINGS ON DEFENDANTS' DISPOSITIVE MOTIONS

iii

## OTHER AUTHORITIES

1 *Newberg on Class Actions* (5th ed. 2011)..................................................................8

FED. R. CIV. P. 26(c)........................................................................................1, 3, 4

# INTRODUCTION

Pursuant to Civil Rule 26(c), Defendants respectfully move this Court for a protective order staying discovery until such time as the Court rules on the Non-Home Warranty Defendants'[1] Motion for Judgment on the Pleadings and Defendant Fidelity National Home Warranty Company's ("FNHW") Motion for Summary Judgment.  Defendants expect to file both motions shortly.

The basis of this motion is that the upcoming dispositive motions will show that Preston was never "charged" for the home-warranty contract he allegedly "purchased" from FNHW, and therefore lacked standing to file this suit from the outset, which must now be dismissed.  The dispositive motions present purely legal questions, so that discovery will not assist Plaintiff Paul Preston in contesting them.

But Preston has served burdensome discovery that sweeps far beyond any personal standing issues.  A plaintiff who knowingly brings suit without standing should not be permitted to use the discovery process to harass defendants.  And defendants should not have to waste time or incur unnecessary expenses in responding to discovery with respect to claims that are legally unsustainable.  In the event that the Court denies the dispositive motions, Preston will have ample time to conduct discovery and will not be prejudiced.

---

[1] The Non-Home Warranty Defendants are Fidelity National Financial, Inc., Fidelity National Title Insurance Company, Lawyers Title Company, Commonwealth Land Title Company, Ticor Title Company of California, and Chicago Title Company.

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
PENDING RULINGS ON DEFENDANTS' DISPOSITIVE MOTIONS

1

## I. BACKGROUND

Preston alleges that, when he bought his house in March 2011, he received a single home-warranty contract and that the transaction involved one or more "kickbacks." Based on that general premise, Preston then sued the home-warranty company, FNHW.

But it is now undisputed fact that Preston was not charged for, and did not pay for, the FNHW home-warranty contract that was issued in connection with his real estate transaction. Instead, the other party to the transaction, the seller, was contractually obligated to select, pay for, and provide Preston with the home-warranty contract. As a result, Preston suffered no injury-in-fact. FNHW's Motion for Summary Judgment therefore shows that Preston lacks Article III standing. Standing is jurisdictional in nature (part of the case or controversy requirement of Article III), and must exist for a lawsuit to proceed. *See, e.g.*, *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475-76, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982); *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

Moreover, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et. seq.*, expressly limits standing to sue to "the person or persons charged for the settlement service[.]" *Id*. at § 2607(d)(2); *see also id*. at § 2614. Because Preston did not choose or order the FNHW home-warranty contract, and was not obligated to pay for it, he lacks standing and is not entitled to restitution, injunctive relief, or declaratory relief.

Preston also sued six entities, the Non-Home Warranty Defendants, that had no role in issuing the home-warranty contract or in Preston's home purchase. Preston has not alleged that the Non-Home-Warranty Defendants sold him a title insurance policy, home-warranty contract, or any other product or service. The Non-Home Warranty Defendants' Motion for Judgment on the Pleadings shows for that reason that Preston lacks Article III standing to sue any Non-Home Warranty Defendant.

Nor does RESPA create standing for Preston with respect to the Non-Home Warranty Defendants because, again, that statute creates a cause of action only for a consumer who was charged for a qualifying settlement service. Because Preston does not allege that any Non-Home Warranty Defendant charged him for a settlement service, he lacks statutory standing under RESPA.

On March 5, 2012, Preston served 28 requests for production of documents on all Defendants (Exhibit A to Declaration of Derek E. Diaz ("Diaz Decl.")). On March 9, 2012, Preston served 16 interrogatories and 39 requests for admission on all Defendants (Exhibits B and C to Diaz Decl.). The discovery relates to the merits of Preston's claims and, because it was served before Defendants filed the dispositive motions, is not a response to those motions.

## I. LAW AND ARGUMENT

### A. Discovery Should Be Stayed Pending Resolution of Defendants' Dispositive Motions.

Civil Rule 26(c) empowers the Court to stay discovery "for good cause." The rule provides in pertinent part:

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
PENDING RULINGS ON DEFENDANTS' DISPOSITIVE MOTIONS

3

>    (1) *In General.* A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>    (A) forbidding the disclosure or discovery;
>
>    (B) specifying terms, including time and place, for the disclosure or discovery[.]

The Supreme Court has interpreted Rule 26 as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). A stay of discovery pending decision on dispositive legal issues will be reversed only for abuse of discretion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

    Good cause is shown here based on several factors. First, the Defendants' motions, if granted, would be dispositive of all claims. Second, on a "preliminary peek at the merits of the allegedly dispositive motion[s]," there is an immediate and clear possibility that they will be granted. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000). There is no dispute that the seller, not Preston, was charged for the home-warranty contract, and there is no dispute that Preston has not alleged that he purchased a home-warranty contract, title insurance, or anything else from the Non-Home Warranty Defendants. There is therefore "a real question" as to Preston's standing. *See Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (not abuse of discretion to stay discovery when "there was a real question whether Wood's claim presented a substantive basis for vacating the

judgment"); *Marpel v. Saukhla*, No 2:11-cv-0387 KJN P, 2011 U.S. Dist. LEXIS 97010, at *1-2 (E.D. Cal. Aug. 30, 2011) (discovery may be stayed "when it is possible that plaintiff may be unable to state a claim for relief").

Third, the dispositive motions present purely legal issues.  Preston may try to argue the legal significance of the undisputed facts, but no discovery should be necessary to resolve the legal issue of standing.[2]  When there are no "factual issues that require[] discovery for their resolution," a district court does not abuse its discretion "in staying discovery pending a hearing" on a defendant's dispositive motion.  *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

Fourth, the Non-Home Warranty Defendants' Motion for Judgment on the Pleadings in particular is a facial challenge to the legal sufficiency of the complaint that assumes the pleaded facts to be true.  *See Electrograph Sys., Inc. v. Epson Imaging Devices Corp.,* No. M 07-1827 SI, 2011 U.S. Dist. LEXIS 96739, at *7-8 (N.D. Cal. Aug. 29, 2011) (legal standard is "virtually identical" to that for Rule 12(b)(6)).  No discovery therefore is needed.  The very purpose of a motion to dismiss "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  The Ninth Circuit thus cautioned that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.*  If the Motion for Judgment on the Pleadings is granted,

---

[2] If the Court finds any discovery to be necessary, it should be strictly limited to facts needed to respond to the dispositive motions.

it would substantially narrow the scope and expense of discovery by focusing it on FNHW. *See In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (granting stay because, in part, "adjudicating the motions to dismiss will shed light on the best course for discovery").

Fifth, the discovery served by Preston is couched in terms of a nationwide class action and sweeps far beyond any standing issue that is personal to him. For example, request for document production No. 9 demands "All correspondence between You and the United States Department of Housing and Urban Development or the Consumer Financial Protection Bureau," unlimited as to subject matter. Request No. 11 demands "All correspondence between You and the National Association of Realtors," again unlimited as to subject matter. Request No. 15 asks for "All memoranda, correspondence, and files related to Your compliance with Section 8 of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et. seq.*)," which encompasses many RESPA-related issues not part of this lawsuit. Request No. 14 even goes beyond the Defendants to ask for minutes and documents from "any trade association or industry group that You belong to . . . relating to RESPA," which again goes far beyond the scope of this case. When a plaintiff's discovery does not address the defendant's dispositive motion, that fact shows good cause for a stay. *Cf. Bey v. Hedgepeth*, No. 1:08-cv-01718-LJO-GSA-PC, 2010 WL 3034494, *1 (E.D. Cal. Aug. 2, 2010) (good cause shown where "motion to dismiss is based only on the ground that Plaintiff failed to exhaust administrative remedies, and Plaintiff's request is for documents which are

not related to the exhaustion of remedies."); *GTE Wireless, Inc.*, 192 F.R.D. at 289 (discovery related to quantification of damages, which "has no probative value whatsoever in determining whether Plaintiff would successfully defeat Defendant's summary adjudication motion").

The discovery also is unduly burdensome, which is a factor that supports a stay. *E.g.*, *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (plaintiff's "extensive set of interrogatories" that "asks for information covering a span of more than five years" was "burdensome" and supported a stay). Preston's document requests encompass January 1, 2002, to the present, a period of more than ten years, and the interrogatories are framed in terms of the "Class Period," which Preston defines as "10/1/2002 to the present." Moreover, the discovery is directed at *all* Defendants, even though Preston did not purchase anything from and had no business dealings with any of the Non-Home Warranty Defendants, thereby exacerbating its burdensomeness by several orders of magnitude. And almost none of the discovery is directed at Preston's individual transaction, which confirms that the discovery is not intended to resolve Preston's standing problems.

Sixth, Preston will suffer no prejudice from a temporary delay of discovery. If Defendants' dispositive motions are granted, Preston will have saved the time and expense of engaging in discovery. If the motions are not granted, Preston will have sufficient time to conduct discovery. Indeed, the discovery cut-off is over 15 months away.

Based on some or all of these factors, to stay discovery pending resolution of Defendants' dispositive motions would not be an abuse of discretion. *E.g.*, *Rutman Wine Co.*, above (not abuse of discretion to dismiss claims without permitting discovery); *Mann v. Brenner*, 375 Fed. Appx. 232, 239-40 (3d Cir. 2010) (not abuse of discretion to stay discovery pending decision on motion to dismiss); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (not abuse of discretion to suspend discovery pending ruling on motions for judgment on the pleadings); *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 434-36 (5th Cir. 1990) (not abuse of discretion to stay discovery when "many of the issues raised by the summary judgment motions were purely legal and that discovery would therefore not aid their resolution").

### B.     If Preston Lacks Standing, No Discovery to Find a New Class Representative or for Any Other Purpose May Be Allowed.

There is no point to engaging in discovery now since Preston lacks standing. It makes no difference that his counsel have indicated an intent to seek leave to amend the complaint, presumably to substitute a new plaintiff who has proper standing (thereby expressly or implicitly conceding that Preston does not). The reason is that standing is essential to the Court's subject matter jurisdiction: If Preston lacks standing, then the Court has no jurisdiction over the case, Preston has no standing to seek leave to amend, and no discovery can be proper. As explained in 1 *Newberg on Class Actions* § 2:8, at 88 (5th ed. 2011), if a class action lacks a named plaintiff with standing "from the outset, then there is no opportunity for a substitute class representative to take the named plaintiff's place because

this means that the court never had jurisdiction over the matter." In that event, "the only function remaining to the court is that of announcing the fact [lack of jurisdiction] and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (citations omitted).

The *Newberg* treatise cites *Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003), to illustrate the principle that if the class representative lacks standing from the outset, the court lacks subject matter jurisdiction and no substitution is possible. In that case, the class representative filed suit believing that she had standing, but it turned out that she had no cause of action under state law from the outset. The Ninth Circuit held that the case had to be dismissed (not merely de-certified), even though "it may be possible that the suit can proceed as a class action with another representative[.]" *Id.* at 1023. A similar result obtained in *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979), in which the plaintiff's claim did not state a federal question, and therefore did not create subject matter jurisdiction in the federal court. "Therefore, no federal jurisdiction existed to entertain a later amendment to the complaint to allege [a new claim that did state a federal question]." *Id.* at 1065.

Other circuits follow the same rule that the original plaintiff must have standing for the court to have jurisdiction (as opposed to the situation in which the original plaintiff does have standing but his claim later becomes moot). If the original plaintiff lacks standing from the outset, federal jurisdiction never attaches and amendment of the complaint is futile. For example, in *Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981), the plaintiff filed

a class action believing it had standing, but an intervening decision from the Supreme Court established otherwise. To avoid dismissal, the plaintiff's counsel sought to substitute a different plaintiff that would have standing even under the intervening law.

The Fifth Circuit upheld the district court's denial of leave to amend, holding that the new plaintiff's claim "should have been filed in a new lawsuit," not by way of amendment to the original suit. The court explained that "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend a complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." *Id.* at 1282. *Accord*, *e.g.*, *Iron Cloud v. South Dakota*, 984 F.2d 241, 243-44 (8th Cir. 1993) (plaintiff who lacks standing to sue also lacks standing to ask for leave to "amend the complaint to add plaintiffs with standing"); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) ("If the district judge was right, these plaintiffs never had standing to bring this suit, and so federal jurisdiction never attached."); *Foster v. Center Township of LaPorte County,* 798 F.2d 237, 244-45 (7th Cir. 1986) (when the sole named plaintiff "never had standing" to challenge a township's poor-relief eligibility guidelines, and when "she never was a member of the class she was named to represent," the case must be remanded with instructions to dismiss).

Accordingly, neither judicial economy nor the parties' resources are well served by engaging in any discovery now. Although substitution of a new plaintiff sometimes is possible when an original plaintiff *who has standing* later has his claim rendered moot, when the original plaintiff *never had standing* from the

outset, he has no standing to amend the Complaint, the court has no subject matter jurisdiction, and the case must be dismissed. *Steel Co.*, 523 U.S. at 94. Defendants therefore are entitled to a protective order.[3]

## CONCLUSION

For these reasons, the Court should enter a protective order staying discovery until the Court rules on FNHW's Motion for Summary Judgment and the Non-Home Warranty Defendants' Motion for Judgment on the Pleadings.

---

[3] Whether California rules of civil procedure might allow limited discovery to a class representative who lacks standing is not relevant to discovery here, which is governed by the Federal Rules. State law cannot create standing in a plaintiff who lacks standing under Article III. *Cf. Hangerter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury to establish Article III standing[.]") (internal quotations omitted); *Deitz v. Comcast Corp.*, No. C 06-06352 WHA, 2006 U.S. Dist. LEXIS 94333, at *11-12 (N.D. Cal. Dec. 21, 2006) ("When a case is filed in a federal court or when a case is removed to a federal court, the federal court is bound by Article III. The state legislature may no more allow injunctive relief in this case than were it to pass a statute allowing courts to give advisory opinions.").

| | |
|---|---|
| Date: April 12, 2012 | RESPECTFULLY SUBMITTED, |
| | */s/ Michael J. Gleason* |
| | Michael J. Gleason SBN 279434 |
| | *mgleason@hahnlaw.com* |
| | HAHN LOESER & PARKS, LLP |
| | One American Plaza |
| | 600 West Broadway, Suite 1500 |
| | San Diego, California 92101 |
| | Telephone: 619.810.4300 |
| | Facsimile: 619.810.4301 |
| | |
| | Steven A. Goldfarb (admitted *pro hac vice*) |
| | *sagoldfarb@hahnlaw.com* |
| | Derek E. Diaz (admitted *pro hac vice*) |
| | *ddiaz@hahnlaw.com* |
| | HAHN LOESER & PARKS, LLP |
| | 200 Public Square, Suite 2800 |
| | Cleveland, Ohio 44114-2316 |
| | Telephone: 216.621.0150 |
| | Facsimile: 216.241.2824 |
| | |
| | Mark E. Schiffman, SBN 62654 |
| | *Mark.Schiffman@fnf.com* |
| | 600 West Broadway, Suite 1500 |
| | San Diego, California 92101 |
| | Telephone: 619.810.4300 |
| | Facsimile: 619.810.4301 |
| | |
| | James A. Moss, SBN 84441 |
| | *James.Moss@fnf.com* |
| | FIDELITY NATIONAL LAW GROUP |
| | 915 Wilshire Boulevard, Suite 2100 |
| | Los Angeles, California 90017 |
| | Telephone: (213)438-4418 |
| | Facsimile: (213) 438-4417 |
| | |
| | Attorneys for Defendants |
| | Fidelity National Financial, Inc.; Fidelity National Home Warranty Company; Fidelity National Title Insurance Company; Lawyers Title Company; Commonwealth Land Title Company; Ticor Title Company of California; and Chicago Title Company |

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
PENDING RULINGS ON DEFENDANTS' DISPOSITIVE MOTIONS

12

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the filing to:

Edward D. Chapin, Esq.
Francis A. Bottini, Esq.
Jill M. Sullivan, Esq.
Jennifer M. Chapman, Esq.
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: 619.241.4810
Facsimile: 619.955.5318

Blair A. Nicholas, Esq.
Benjamin Galdston, Esq.
David Kaplan, Esq.
Laurence Reza Wrathall, Esq.
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323

Attorneys for Plaintiff and the Putative Classes

　　　　　　　　　　　　　　　　　　　*/s/ Michael J. Gleason*
　　　　　　　　　　　　　　　　　　　Michael J. Gleason,
　　　　　　　　　　　　　　　　　　　Attorney for Defendants