Michael J. Gleason SBN 279434
mgleason@hahnlaw.com
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
sagoldfarb@hahnlaw.com
Derek E. Diaz (admitted *pro hac vice*)
ddiaz@hahnlaw.com
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Attorneys for Defendants Fidelity National Financial,
Inc.; Fidelity National Home Warranty Company; Fidelity
National Title Insurance Company; Lawyers Title Company;
Chicago Title Company; Commonwealth Land Title Company;
and Ticor Title Company of California

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| PAUL PRESTON, on Behalf of Himself and All Others Similarly Situated,<br>    Plaintiffs,<br>  v.<br><br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al*.<br>    Defendants. | Case No. CV11-09746 DSF (AGRx)<br><br>JUDGE DALE S. FISCHER<br><br>**MEMORANDUM IN SUPPORT OF NON-HOME-WARRANTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Hearing Date: June 18, 2012**<br>**Hearing Time: 1:30 p.m.** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION ............................................................................................... 1

PLAINTIFF'S ALLEGATIONS ......................................................................... 2

LAW AND ARGUMENT ................................................................................... 3

    I.      PRESTON LACKS ARTICLE III STANDING WITH RESPECT TO THE NON-HOME-WARRANTY DEFENDANTS ..................... 4

    II.     PRESTON CANNOT SKIRT STANDING REQUIREMENTS THROUGH DEFICIENT ALLEGATIONS OF ALTER EGO. .......... 7

    III.    PRESTON LACKS STATUTORY STANDING UNDER SECTION 17200 BECAUSE HE DOES NOT ALLEGE THAT HE HAD ANY BUSINESS DEALINGS WITH THE NON-HOME-WARRANTY DEFENDANTS. ................................................ 8

    IV.    SECTION 12760 PROVIDES NO BASIS FOR SUIT AGAINST THE NON-HOME-WARRANTY DEFENDANTS. .......................... 9

          A.      Section 12760's Prohibition Against Kickbacks Applies Only to Home Protection Companies and Thus Does Not Provide a Basis for Preston to Sue the Non-Home-Warranty Defendants. ................................................... 9

          B.      Preston Cannot State a Cause of Action Against Any Entity Based on Section 12760's Prohibition Against Requiring Customers to Purchase Home Warranty Contracts in Conjunction with the Issuance of Another Policy of Insurance Because None of the Entities Issued Him a Policy of Insurance in Conjunction with the Home Warranty Contract. ................................................... 11

    V.     PRESTON LACKS STATUTORY STANDING UNDER RESPA BECAUSE HE DOES NOT ALLEGE THAT THE NON-HOME WARRANTY DEFENDANTS CHARGED HIM FOR ANY SETTLEMENT SERVICE. ................................................. 12

    VI.    PRESTON'S FOURTH CAUSE OF ACTION, FOR DECLARATORY AND INJUNCTIVE RELIEF, ALSO FAILS AS A MATTER OF LAW. ..................................... 14

CONCLUSION ........................................................................................15

CERTIFICATE OF SERVICE ................................................................17

# <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                    **PAGE(S)**

*Ahmed v. Wells Fargo Bank & Co.*,
   No. 11-0436, 2011 WL 1751415 (N.D. Cal. May 9, 2011) ...............................14

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937,173 L. Ed. 2d 868 (2009) ..............................3, 4

*Bassett v. Ruggles*,
   No. 09-528, 2010 WL 1525554 (E.D. Cal. Apr. 15, 2010) ...............................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................................4

*Brafman v. Nationwide Mut. Ins. Co.*,
   No. 11-1627, 2011 WL 5299280 (E.D. Cal. Nov. 2, 2011) .............................15

*Californians for Disability Rights v. Mervyn's, LLC*,
   39 Cal. 4th 223, 138 P.3d 207 (2006).............................................................8, 9

*Carias v. Lenox Fin. Mortgage Corp.*,
   No. 07-83 SC, 2008 WL 397339 (N.D. Cal. Feb. 8, 2008) ...............................14

*Cattie v. Wal-Mart Stores, Inc.*,
   504 F. Supp. 2d 939 (S.D. Cal. 2007)..................................................................7

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
   598 F.3d 1115 (9th Cir. 2010) .............................................................................4

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   632 F.3d 939 (9th Cir. 2011) ...............................................................................4

*Clingman v. Somy*,
   No. 10-1834, 2011 WL 383951 (D. Nev. Feb. 3, 2011) ....................................14

*Edwards v. First Am. Corp.*,
   610 F.3d 514 (9th Cir. 2010) .............................................................................12

*Electrograph Sys., Inc. v. Epson Imaging Devices Corp.*,
   No. 07-1927, 2011 U.S. Dist. LEXIS 96739 (N.D. Cal. Aug. 29, 2011)............3

*Eng v. Hargrave*,
   No. 10-1776, 2012 WL 116560 (N.D. Cal. Jan. 13, 2012) ...............................15

*Fiedler v. Clark*,
   714 F.2d 77 (9th Cir. 1983) ...................................................................15

*In re STEC Inc. Sec. Litig.*,
   No. SACV 09-1304 JVS, 2011 WL 2669217 (C.D. Cal. June 17, 2011) ...........4

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310, 246 P.3d 877 (2011) ...............................................8, 9

*Lee v. Am. Nat. Ins. Co.*,
   260 F.3d 997 (9th Cir. 2001) ...............................................................5, 6

*Minter v. Wells Fargo Bank, N.A.*,
   593 F. Supp. 2d 788 (D. Md. 2009)......................................................14

*Mullinax v. Radian Guar., Inc.*,
   199 F. Supp. 2d 311 (M.D.N.C. 2002) ....................................................5

*Perez v. State Farm Mut. Auto. Ins. Co.*,
   No. C 06-01962 JW, 2011 WL 5833636 (N.D. Cal. Nov. 15, 2011)..................6

*Phelps v. Stostad*,
   16 Cal. 4th 23, 939 P.2d 760 (1997)......................................................10

*Prescott v. County of El Dorado*,
   298 F.3d 844 (9th Cir. 2002) ..................................................................3

*Schmier v. United States Court of Appeals for the Ninth Circuit*,
   279 F.3d 817 (9th Cir. 2002) ..................................................................5

*Smith v. Superior Court*,
   39 Cal. 4th 77, 137 P.3d 218 (2006).....................................................10

*Warth v. Seldin*,
   422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ......................12

*Wehlage v. EmpRes Healthcare, Inc.*,
   791 F. Supp. 2d 774 (N.D. Cal. 2011)......................................................9

# STATUTES & OTHER AUTHORITIES

12 U.S.C. § 2607 ..................................................................................13

28 U.S.C. § 2201 ..................................................................................15

CAL. BUS & PROF. CODE § 17200 ..............................................2, 8, 9, 14

CAL. BUS & PROF. CODE § 17204 ....................................................11

CAL. INS. CODE § 12740 ....................................................................10

CAL. INS. CODE § 12760 ............................................................9, 10, 11

Domestic Housing and International Recovery and Financial Stability Act,
    Pub. L. No. 98-181, 97 Stat. 1153 (1983) .........................................13

Fed. R. Civ. P. 12(b) ...............................................................................3

Fed. R. Civ. P. 12(c)................................................................................3

# INTRODUCTION

It is axiomatic that where a plaintiff has experienced no injury that can be attributed to a specific defendant, that person cannot sustain a lawsuit against that defendant.  That is the situation here.

Plaintiff Paul Preston alleges that, when he bought his house in March 2011, he received a *single* home-warranty contract and that the transaction involved one or more "kickbacks."  Based on that general premise, Preston then sued the home-warranty company, Fidelity National Home Warranty Company ("FNHW").  He also sued six entities that had no role in the issuance of the home-warranty contract or Preston's home purchase: Fidelity National Financial Inc., Fidelity National Title Insurance Company, Lawyers Title Company, Commonwealth Land Title Company, Ticor Title Company of California, and Chicago Title Company (collectively, the "Non-Home-Warranty Defendants").

Preston broadly asserts that each of the Non-Home-Warranty Defendants was involved in a kickback scheme that paid real-estate brokers for referrals of home-warranty contracts, title insurance, and other services.  But Preston has not alleged that the Non-Home-Warranty Defendants sold him a title insurance policy, home-warranty contract, or any other product or service.  Without that basic allegation, Preston lacks standing to sue any Non-Home-Warranty Defendant.

Preston's lack of relationship with any Non-Home-Warranty Defendant defeats standing under Article III of the United States Constitution and state law.

Also, RESPA does not cure Preston's lack of standing. That statute confers a cause of action only on a consumer who was charged for a qualifying settlement service. Because Preston does not allege that the Non-Home-Warranty Defendants charged him for a settlement service, he lacks statutory standing under RESPA.

In addition, the passage of Proposition 64 defeats Preston's attempt to sue, under Section 17200, defendants with which he has had no business dealings. That revision to Section 17200 put an end to "shakedown" lawsuits like this. And, without standing to bring the Section 17200 and RESPA claims, Preston cannot establish a right to declaratory or injunctive relief. At bottom, Preston's lack of standing ends this lawsuit against the Non-Home-Warranty Defendants.

## PLAINTIFF'S ALLEGATIONS

On March 31, 2011, Preston purchased a home in Apple Valley, California (the "Preston Transaction"). [Complaint ¶ 13.] He alleges that, as part of that transaction, he "purchased, received, and/or acquired a home protection contract issued by [FNHW]." [*Id.*] Preston does not allege that he purchased, received, or acquired any title insurance, home-warranty contract, or other real-estate related service from the Non-Home-Warranty Defendants. His allegations as to the Non-Home-Warranty Defendants are primarily jurisdictional in nature and give

no indication that he had any business dealings with them at all, in the Preston Transaction or otherwise.  [*See id.* at ¶¶ 16-20.]  As for Defendant Fidelity National Financial, Inc. ("FNF"), Preston apparently sued it based on its being a holding company and the ultimate parent company of the other defendants, including FNHW.  [*See id*. at ¶ 32.]

## LAW AND ARGUMENT

Under Civil Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Electrograph Sys., Inc. v. Epson Imaging Devices Corp.,* No. 07-1927, 2011 U.S. Dist. LEXIS 96739, at *7 (N.D. Cal. Aug. 29, 2011) (citing FED. R. CIV. P. 12(c)). The applicable standard is "virtually identical" to that for Civil Rule 12(b)(6). *Id.* at *7-8.

In considering a motion for judgment on the pleadings, the Court must accept as true all well-pleaded allegations of material fact contained in the complaint.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal,* 556 U.S. 662, ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009). "[A] plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007).

Dismissal is appropriate where, as here, the complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 173 L. Ed. 2d at 895.  A claim is "plausible" only when it pleads facts from which the court can draw a "reasonable inference" that the defendant is liable for the alleged conduct.  *Id.;  see In re STEC Inc. Sec. Litig.*, No. SACV 09-1304 JVS, 2011 WL 2669217, at *3 (C.D. Cal. June 17, 2011). Stripped of unsupported legal conclusions, the factual allegations must do more than "create [a] suspicion [of] a legally cognizable right of action;" they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940.

# I.   PRESTON LACKS ARTICLE III STANDING WITH RESPECT TO THE NON-HOME-WARRANTY DEFENDANTS

A plaintiff who lacks standing falls outside the Court's subject-matter jurisdiction.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 632 F.3d 939, 946 (9th Cir. 2011) ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirements imposed by Article III of the Constitution by alleging an actual case or controversy.").  "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115,

1122 (9th Cir. 2010).  The "bedrock" elements of standing require that a plaintiff

establish "(1) a legally recognized injury, (2) caused by the named defendant that

is (3) capable of legal or equitable redress."  *Schmier v. United States Court*

*of Appeals for the Ninth Circuit*, 279 F.3d 817, 820 (9th Cir. 2002).

　　　　To establish standing, Preston must therefore allege causation between

his purported injury and the conduct of Non-Home Warranty Defendants.  *See*

*Prescott v. County of El Dorado,* 298 F.3d 844, 846 (9th Cir. 2002) (affirming

dismissal for lack of standing where plaintiffs did not establish causation between

clause at issue and the alleged injury); *Chandler,* 598 F.3d at 1122 (no standing

where defendant had done nothing to injure plaintiff).  "Article III of the

Constitution [] limits the jurisdiction of the federal courts to 'causes and

controversies,' a restriction that has been held to require a plaintiff to show,

*inter alia,* that he has actually been injured by the defendant's challenged

conduct."  *Lee v. Am. Nat. Ins. Co.,* 260 F.3d 997, 1001 (9th Cir. 2001); *see also*

*Chapman,* 632 F.3d at 946 (plaintiff must establish injury that "is traceable" to

defendant's conduct).  Preston has failed to make even a "threadbare" recital of

facts to establish an injury traceable to any conduct of the Non-Home-Warranty

Defendants.

　　　　Preston lumps all Defendants together with no specific allegations as

to the Non-Home-Warranty Defendants.  He does not allege that he purchased a

title insurance policy or anything else from the Non-Home-Warranty Defendants.

That omission dooms his claims against them.

Courts have found a lack of standing in cases where a plaintiff sought to sue

an insurance company that had not issued a policy to that person.  For instance,

in one relevant case, the court held that "[w]here a plaintiff 'did not buy any

[insurance] policy from [an insurance company defendant] and so did not suffer

any injury due to [that company's] conduct,' that plaintiff lacks Article III standing

to bring a case in relation to an insurance policy against that defendant."  *Perez*

*v. State Farm Mut. Auto. Ins. Co.,* No. C 06-01962 JW, 2011 WL 5833636, at *2

(N.D. Cal. Nov. 15, 2011) (quoting *Lee,* 260 F.3d at 1001-02).  In other words,

"because Plaintiffs [did] not allege that they bought any insurance policies from

any of the Moving Parties, it follows that Plaintiffs did not suffer any injury due

to the conduct of the Moving Parties, which means that Plaintiffs lack Article III

standing to bring a case against the Moving Parties."  *Id.* (citing *Lee*, 260 F.3d

at 1001-02).  *Perez* expressly found that, under *Lee*, a plaintiff who never paid

the named defendant for insurance lacks standing.  *See id.*

This Court should follow the sound reasoning of *Lee* and *Perez.*  Preston

does not allege that he purchased any service or product from the Non-Home-

Warranty Defendants.  Without that basic allegation, there can be no causation

and dismissal is appropriate.

## II. PRESTON CANNOT SKIRT STANDING REQUIREMENTS THROUGH DEFICIENT ALLEGATIONS OF ALTER EGO.

Tacitly recognizing his lack of standing, Preston alleges that FNF somehow "controlled" the other defendants and "caused" them to pay kickbacks.  [Complaint ¶¶ 14, 32, 36.]  But a plaintiff who offers nothing but "conclusory contentions" cannot "avail [itself] of the alter ego doctrine."  *Perez*, 2011 WL 5833636, at *4.  Because Preston's alter ego allegations are conclusory, they cannot stave off dismissal.

The case of *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007), illustrates this reasoning.  There, the court, in applying California law, dismissed a parent corporation, Wal-Mart Stores, because the plaintiff failed to sufficiently allege that the parent corporation was the alter ego of its subsidiary Wal-Mart.com.  *See id.* at 944-46.  The plaintiff "conflate[d] the two Defendants and refer[ed] to both collectively as "Wal-Mart" or the "Company."  *Id.* at 944.  Thus, the plaintiff did "not adequately allege Wal-Mart Stores' participation in Wal-Mart.com's wrongful conduct."  *Id.*  Allegations that Wal-Mart Stores and Wal-Mart.com had a "close relationship" "does not go as far as to show that 'the separate personalities of Wal-Mart and Wal-Mart.com 'do not in reality exist.'"  *Id.* at 946.

In this case, Preston's allegations do not even suggest that the separate personalities do not exist among the defendants.  As such, Preston's complaint cannot survive this motion for judgment on the pleadings.

## III.   PRESTON LACKS STATUTORY STANDING UNDER SECTION 17200 BECAUSE HE DOES NOT ALLEGE THAT HE HAD ANY BUSINESS DEALINGS WITH THE NON-HOME-WARRANTY DEFENDANTS.

In November 2004, the California electorate passed Proposition 64, which "materially curtailed the universe" of people who can sue under *Business & Professions Code* § 17200 for allegedly unfair business practices.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320, 246 P.3d 877, 881 (2011).  Before that, "any person acting for the general public [could] sue for relief" under that statute.  *Californians for Disability Rights v. Mervyn's*, LLC, 39 Cal. 4th 223, 227, 138 P.3d 207, 209 (2006).  After passage of Proposition 64, only a person who "has suffered injury in fact and has lost money or property as a result of such unfair competition" can invoke its protections.  *Id.* (quoting CAL. BUS & PROF. CODE § 17204).

The restriction targeted a particular form of abusive litigation.  "The intent of [the] change was to confine standing to those actually injured by a defendant's business practices and to curtail the prior practice of filing suits on behalf of clients who have not used the defendant's product or . . . had any other business dealing with the defendant . . . ."  *Kwikset*, 51 Cal. 4th at 321, 246 P.3d at 844.  Thus,

the "apparent purposes" of the revision were "to eliminate standing for those who have not engaged in any business dealings with would-be defendants and thereby strip such unaffected parties of the ability to file 'shakedown lawsuits[.]'" *Kwikset*, 51 Cal. 4th at 317, 246 P.3d at 881.

This is a shakedown lawsuit. Preston never alleges that he had any business dealings with the Non-Home-Warranty Defendants. Rather, his counsel and he evidently decided to drag them into Court to try to wrest money from them. Those are exactly the sort of abusive litigation tactics that Proposition 64 outlawed. *See, e.g.*, *Mervyn's*, 39 Cal. 4th at 227, 138 P.3d at 209 (affirming dismissal of UCL claim because plaintiff "did not claim to have suffered any harm as a result of [defendant's] conduct"); *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 783-84 (N.D. Cal. 2011) (dismissing UCL claims because plaintiff's allegations did "not suggest that she had any business dealings with these Defendants"). So in the wake of Proposition 64, Preston lacks standing to sue the Non-Home-Warranty Defendants under Section 17200.

## IV. SECTION 12760 PROVIDES NO BASIS FOR SUIT AGAINST THE NON-HOME-WARRANTY DEFENDANTS.

### A. Section 12760's Prohibition Against Kickbacks Applies Only to Home Protection Companies and Thus Does Not Provide a Basis for Preston to Sue the Non-Home-Warranty Defendants.

To the extent the anti-kickback provision in *California Insurance Code* § 12760 provides any basis for suit against any defendant, it does not provide

such a basis against the Non-Home-Warranty Defendants because its application is limited to home-protection companies.  The fundamental rules of statutory construction compel that conclusion.

In construing a statute, a court's "fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute." *Smith v. Superior Court*, 39 Cal. 4th 77, 83, 137 P.3d 218, 221 (2006).  So the court's "first task is to look to the language of the statute itself." *Phelps v. Stostad*, 16 Cal. 4th 23, 32, 939 P.2d 760, 765 (1997).  "When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms."  16 Cal. 4th at 32, 939 P.2d at 765.

Here, the Court need look no further than the plain language of the statute.  By its plain and unambiguous terms, the statute only prohibits home-protection companies from engaging in kickbacks and does not prohibit conduct by other entities: "*No home protection company* shall pay a commission to any person as an inducement or compensation for the issuance, purchase or acquisition of a home protection contract[.]"  CAL. INS. CODE § 12760 (emphasis added).  The *California Insurance Code* defines "[h]ome protection company" as "any person licensed pursuant to this part which issues home protection contracts." *Id*. at § 12740(b)

Because they are not licensed to—and do not—issue home protection contracts, the Non-Home-Warranty Defendants are not home-protection

companies.  Furthermore, if the legislature had intended Section 12760 to prohibit kickbacks by non-home protection companies, it would have explicitly stated so. The legislature has no problem stating when it intends the prohibitions of Section 12760 to apply to other insurers.  In addition to prohibiting home-protection companies from engaging in kickbacks, Section 12760 prohibits "a home protection company *or any other insurer*" from requiring that a home protection contract be issued in conjunction with issuance of another insurance policy. (emphasis added).

That the legislature chose to prohibit this conduct by other insurers in addition to home-protection companies underscores that the legislature did not intend the prohibition to apply to "other insurers."  If it had, it simply would have included that language in the statute.  The prohibition against kickbacks, therefore, does not apply to any other insurers, like those among the Non-Home-Warranty Defendants.

**B.   Preston Cannot State a Cause of Action Against Any Entity Based on Section 12760's Prohibition Against Requiring Customers to Purchase Home-Warranty Contracts in Conjunction with the Issuance of Another Policy of Insurance Because None of the Entities Issued Him a Policy of Insurance in Conjunction with the Home-Warranty Contract.**

Section 12760's prohibition against requiring customers to purchase home-warranty contracts in conjunction with other insurance policies fails to provide a basis for suit against any of the Non-Home-Warranty Defendants.  Preston

alleges, without support, that all defendants have violated Section 12760 because they "required that FNHW's home protection contracts be issued, purchased or acquired in conjunction with or as a condition precedent to the issuance, purchase or acquisition, by any person, of any other policy of insurance." [Complaint ¶ 72.]

But Preston did not purchase an insurance policy from any of the Non-Home-Warranty Defendants, and he has failed to allege otherwise. So, he could not have standing to allege that the Defendants violated this prohibition because none of them required him to purchase a home-warranty contract in conjunction with another insurance policy. Thus, that part of the statute also fails to provide any basis for Preston to sue the Non-Home-Warranty Defendants.

## V.   PRESTON LACKS STATUTORY STANDING UNDER RESPA BECAUSE HE DOES NOT ALLEGE THAT THE NON-HOME WARRANTY DEFENDANTS CHARGED HIM FOR ANY SETTLEMENT SERVICE.

A party suing under a statute must meet that law's eligibility requirements. In that situation, the "standing question" is "whether the…statutory provision on which the claim rests properly can be understood as granting person's in the plaintiff's position a right to judicial relief." *Warth v. Seldin*, 422 U.S. 490, 500, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343, 355-56 (1975). The inquiry "begins with the statutory text, and ends there as well if the text is unambiguous." *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010), *cert. granted on other grounds*, 131 S. Ct. 3022 (2011). Here, RESPA is unambiguous in that it does *not* confer

on Preston a private right of action.

RESPA empowers only certain individuals to sue.  Specifically, only "the persons or persons charged for the settlement service" may file suit under that statute.  12 U.S.C. § 2607(d)(2); *see also id.* at § 2614.  Here, Preston does not allege that the Non-Home-Warranty Defendants charged him for any settlement service.  (Indeed, they did not.)  Accordingly, Preston does not meet the threshold for standing under the plain language of RESPA.

That conclusion becomes all the more apparent when one considers how Congress took specific steps to revise the scope of eligible plaintiffs.  When originally enacted in 1974, RESPA created two plaintiff classes: one for consumers "whose business had been referred" as part of an improper kickback arrangement and a separate one for those who had been "charged for the settlement service" when no service had been rendered.  Real Estate Settlement Procedures Act of 1974, Pub. L. No. 93-533, § 8(d)(2), 88 Stat. 1724, 1989 (1974).  But in 1983, Congress revised the statute to afford relief only to "the person or persons charged for the settlement service[.]"  Supplemental Appropriations Act of 1984; Domestic Housing and International Recovery and Financial Stability Act, Pub. L. No. 98-181, § 461(c), 97 Stat. 1153, 1231-32 (1983).  In the law's current form, that limiting language remains intact.

In this way, Congress made unmistakably clear its intent to allow only those persons actually charged for settlement services to sue under the statute. *See Carias v. Lenox Fin. Mortgage Corp.*, No. 07-83 SC, 2008 WL 397339, at *3 (N.D. Cal. Feb. 8, 2008) (dismissing RESPA claim because plaintiff "was not actually 'charged'" for title insurance) (quoting 12 U.S.C. § 2607(d)(2)); *see also Clingman v. Somy*, No. 10-1834, 2011 WL 383951, at *2 (D. Nev. Feb. 3, 2011) ("Plaintiff lacks standing to make a RESPA claim because she was not the person charged with the settlement service[.]"); *Bassett v. Ruggles*, No. 09-528, 2010 WL 1525554, at *15 (E.D. Cal. Apr. 15, 2010) (finding lack of standing for RESPA claim because plaintiff "did not sign the [mortgage] notes"). Because Preston does not allege that the Non-Home-Warranty Defendants charged him for a settlement service, he fails that basic test.

## VI.   PRESTON'S FOURTH CAUSE OF ACTION, FOR DECLARATORY AND INJUNCTIVE RELIEF, ALSO FAILS AS A MATTER OF LAW.

Injunctive relief is not available to a plaintiff whose underlying claims fail. *See, e.g.*, *Ahmed v. Wells Fargo Bank & Co.*, No. 11-0436, 2011 WL 1751415, at *3 n.2 (N.D. Cal. May 9, 2011). For reasons already explained, Preston lacks standing under both RESPA and Section 17200. As a result, he cannot obtain injunctive relief under those statutes.[1]

---

[1] Moreover, RESPA does not permit private litigants to obtain injunctive relief. *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, 593 F. Supp. 2d 788, 796 (D.

In addition, his invocation of the Declaratory Judgment Act, 28 U.S.C. § 2201(a), cannot independently sustain jurisdiction.  That law "only permits the district court to adopt a specific remedy when jurisdiction exists." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983); *see also Brafman v. Nationwide Mut. Ins. Co.*, No. 11-1627, 2011 WL 5299280, at *5 (E.D. Cal. Nov. 2, 2011) ("To the extent each of Plaintiff's other claims have been dismissed, there exists no case or controversy capable of supporting an independent claim for declaratory relief."). In this way, Preston's Fourth Cause of Action is merely a "request[] for remedies" and not an "independent claim[] for relief."  *Eng v. Hargrave*, No. 10-1776, 2012 WL 116560, at *4 (N.D. Cal. Jan. 13, 2012).  Accordingly, the Court should dismiss that cause of action as well.

## CONCLUSION

For these reasons, the Non-Home-Warranty Defendants request that Preston's claims against them be dismissed with prejudice.

---

Md. 2009) ("[T]here is no private right to injunctive relief under RESPA[.]"); *Mullinax v. Radian Guar., Inc*., 199 F. Supp. 2d 311, 335 (M.D.N.C. 2002) ("[T]he Court finds that an injunction is unavailable in RESPA private actions.").

Date: April 20, 2012

/s/ Michael J. Gleason

Michael J. Gleason SBN 279434
mgleason@hahnlaw.com
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
sagoldfarb@hahnlaw.com
Derek E. Diaz (admitted *pro hac vice*)
ddiaz@hahnlaw.com
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Mark E. Schiffman, SBN 62654
Mark.Schiffman@fnf.com
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

James A. Moss, SBN 84441
James.Moss@fnf.com
FIDELITY NATIONAL LAW GROUP
915 Wilshire Boulevard, Suite 2100
Los Angeles, California 90017
Telephone: (213)438-4418
Facsimile: (213) 438-4417

Attorneys for Defendants
Fidelity National Financial, Inc.; Fidelity
National Home Warranty Co.; Fidelity
National Title Insurance Co.; Lawyers
Title Co.; Commonwealth Land Title Co.;
Ticor Company of California; and Chicago
Title Co.

# CERTIFICATE OF SERVICE

I certify that on April 20, 2012, a copy of the foregoing was served on the following counsel of record via the Court's CM/ECF filing system:

Edward D. Chapin, Esq.
Francis A. Bottini, Esq.
Jill M. Sullivan, Esq.
Jennifer M. Chapman, Esq.
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: 619.241.4810
Facsimile: 619.955.5318

Blair A. Nicholas, Esq.
Benjamin Galdston, Esq.
David Kaplan, Esq.
Laurence Reza Wrathall, Esq.
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323

Attorneys for Plaintiff and the Putative Classes


Date: April 20, 2012          /s/ Michael J. Gleason
                              Michael J. Gleason,
                              Attorney for Defendants