Michael J. Gleason SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Attorneys for Defendants Fidelity National Financial, Inc.; Fidelity National Home Warranty Company; Fidelity National Title Insurance Company; Lawyers Title Company; Chicago Title Company; Commonwealth Land Title Company; and Ticor Title Company of California

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| PAUL PRESTON, on Behalf of Himself and All Others Similarly Situated,<br>      Plaintiffs,<br>  v.<br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, et al.<br>      Defendants. | Case No. CV11-09746 DSF (AGRx)<br>JUDGE DALE S. FISCHER<br><br>**DECLARATION OF DEREK E. DIAZ, ESQ., IN SUPPORT OF DEFENDANT FIDELITY NATIONAL HOME WARRANTY COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

DECLARATION OF DEREK E. DIAZ IN SUPPORT OF DEFENDANT FIDELITY NATIONAL HOME WARRANTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

I, Derek E. Diaz, declare as follows:

1. I am an attorney licensed to practice law in the State of Ohio, and I have been admitted in this case *pro hac vice*. [Doc. No. 26.]

2. I am a partner at the law firm of Hahn, Loeser & Parks, LLP, counsel of record for Defendants. The matters set forth in this declaration are based on my personal knowledge and, if called on, I would testify consistently with this declaration.

3. At the parties' Rule 26(f) conference, held on February 8, 2012, counsel for the parties discussed the fact that Plaintiff Paul Preston had not paid for the home-warranty contract that was issued in connection with his March 31, 2011, real estate transaction.

4. Preston's counsel stated that Preston would respond to that argument by arguing that any money paid by the seller for settlement services at closing came from the money received by the seller from Preston to purchase the real estate.

5. Therefore, Preston argues that he indirectly paid for the FNHW home-warranty contract that was issued following closing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of April, 2012 at San Jose, California.

By: /s/ Derek E. Diaz
Derek E. Diaz