CHAPIN FITZGERALD SULLIVAN
    & BOTTINI LLP
EDWARD D. CHAPIN (Bar No. 053287)
(echapin@cfsblaw.com)
FRANCIS A. BOTTINI (Bar No. 175783)
(fbottini@cfsblaw.com)
JILL S. SULLIVAN (Bar No. 185757)
(jsullivan@cfsblaw.com)
KEITH M. COCHRAN (Bar No. 254346)
(kcochran@cfsblaw.com)
550 West "C" Street, Suite 2000
San Diego, CA 92101
Tel:   (619) 241-4810
Fax:   (619) 955-5318

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
BENJAMIN GALDSTON (Bar No. 211114)
(beng@blbglaw.com)
DAVID KAPLAN (Bar No. 230144)
(davidk@blbglaw.com)
LAURENCE REZA WRATHALL (Bar No. 279770)
(laurence.wrathall@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PRESTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware Corporation, *et al.*,<br><br>Defendants. | Case No. CV 11-09746 DSF (AGRx)<br>JUDGE DALE S. FISCHER<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER STAYING DISCOVERY**<br><br>Hearing Date:   June 4, 2012<br>Hearing Time:   1:30 p.m. |

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  FACTUAL BACKGROUND...............................................................3

III. LEGAL STANDARD ..........................................................................5

IV.  ARGUMENT.........................................................................................7

     A.    Defendants' Motion For Stay Of Discovery Is
           An Attempted End-Run Around The Court's
           Prior Denial Of Bifurcated Discovery ...................................7

     B.    Defendants Fail To Show Good Cause For
           The Requested Stay Order......................................................8

     C.    Defendants Waived Any Opportunity To Seek
           Reconsideration Of The Court's Prior Ruling ...................14

V.   CONCLUSION.....................................................................................15

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Agostini v. Felton*,
    521 U.S. 203 (1997)..................................................................7

*Ariz. v. Cal.*,
    460 U.S. 605 (1983)..................................................................8

*Blankenship v. Hearst Corp.*,
    833 F.2d 149 (9th Cir. 1987) ....................................................6

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988)..................................................................7

*City of Colton v. Am. Promotional Events, Inc.*,
    No. EDCV 09-01864 PSG (SSx),
    2011 WL 2222133 (C.D. Cal. June 7, 2011)............................9

*Exemar v. Urban League of Greater Miami, Inc.*,
    No. 08-20463-CIV,
    2008 WL 2645675 (S.D. Fla. June 26, 2008)..........................8

*Jarvis v. Regan*,
    833 F.2d 149 (9th Cir. 1987) ............................................11, 12

*Mardirosian v. Lincoln Nat'l Life Ins. Co.*,
    739 F.2d 474 (9th Cir. 1984) ..................................................14

*Oakes v. Halvorsen Marine Ltd.*,
    179 F.R.D. 281 (C.D. Cal. 1998)..............................................5

*S.F. Tech. v. Kraco Enter.*,
    No. 5:11-cv-00355 EJD,
    2011 WL 2193397 (N.D. Cal. June 6, 2011)..........................11

*Santamarina v. Sears, Roebuck & Co.*,
    466 F.3d 570 (7th Cir. 2006) ....................................................7

*Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*,
    No. CIV S-07-0142 LKK GGH,
    2007 WL 1146607 (E.D. Cal. Apr. 18, 2007) ........................12

*Silva v. Nat'l Am. Life Ins. Co.*,
    58 Cal. App. 3d 609 (1976) ................................................................6

*Skellerup Indus. Ltd. v. City of L.A.*,
    163 F.R.D. 598 (C.D. Cal. 1995) ...............................5, 6, 8, 13, 14

*S. Cal. Hous. Rights Ctr. v. Krug,*
    No. CV 06-1420 SJO (JCx),
    2006 WL 4122148 (C.D. Cal. Sept. 5, 2006) .................................9, 10

*Sullivan v. Prudential Ins. Co. of Am.*,
    233 F.R.D. 573 (C.D. Cal. 2005) ...............................................6, 9

*Thomas v. Bible*,
    983 F.2d 152 (9th Cir. 1993) ...............................................................7

*White v. E-Loan, Inc.*,
    No. C 05-02080 SI,
    2006 WL 2850041 (N.D. Cal. Oct. 5, 2006) .................................6

*Wood v. McEwen*,
    644 F.2d 797 (9th Cir. 1981) ...........................................6, 8, 12


**STATUTES , CODES, AND RULES**

Fed. R. Civ. P. 26(b)(1) ..........................................................................5

Fed. R. Civ. P. 26(c) ........................................................................ 2, 8

Fed. R. Civ. P. 26(c)(1) ..................................................................... 6


**OTHER AUTHORITIES**

Baicker-McKee, Janssen, and Corr,
    *Federal Rules Handbook,* 481 (West 2012) ................................10, 11

Schwarzer, Tashima & Wagstaffe,
    *California Practice Guide: Federal Procedure Before Trial*, § 11:543
    (Rutter 2012)..................................................................................6

Plaintiff Paul Preston ("Plaintiff") hereby submits this Memorandum of Points and Authorities in Opposition to the Motion For An Order Staying Discovery Pending Rulings On Defendants' Dispositive Motions ("Stay Motion") of Defendants Fidelity National Financial, Inc.; Fidelity National Home Warranty Company; Fidelity National Title Insurance Company; Lawyers Title Company; Chicago Title Company; Commonwealth Land Title Company; and Ticor Title Company of California (collectively "Defendants").

## I.   <u>INTRODUCTION</u>

Defendants' Stay Motion should be denied for two reasons.   First, Defendants' Motion only recycles arguments that the Court has already considered and rejected.   On February 27, 2012, at the Case Management Conference ("CMC"), Your Honor refused Defendants' request to phase discovery, ruling: ***"I'm not going to order bifurcated discovery. I almost never do [ ]."***[1]

Now, just two months after the Court's unequivocal ruling, Defendants have unilaterally imposed a *de facto* stay of Plaintiff's discovery, by refusing to produce *any* information or documents to written discovery requests that are long overdue. Moreover, Defendants' Stay Motion simply rehashes arguments raised at the CMC and in their Rule 26(f) Report that were considered and rejected by the Court. Consequently, the instant Stay Motion is nothing more than an untimely request for reconsideration of the Court's bifurcation ruling, and is barred by the law of the case.   Indeed, Defendants attempted to steer this motion away from Your Honor by initially filing it as a purported "motion for a protective order," which was filed with Magistrate Rosenberg.   Because the Motion requested a stay of all discovery,

---

[1] *See* Transcript of February 27, 2012, Case Management Conference, attached as Exhibit ("Ex.") B to the Declaration Of Francis A. Bottini, Jr. In Support of Opposition To Defendants' Motion For An Order Staying Discovery ("Bottini Decl."), at 7:19-20. All emphasis added unless otherwise noted.

Magistrate Rosenberg rejected the motion and instructed Defendants to file the motion for hearing before Your Honor.

Second, Defendants fail to carry their heavy burden to demonstrate "good cause" as required under Rule 26(c). In particular, Defendants do not begin to explain how staying discovery pending the Court's decisions on their purportedly dispositive motions[2] serves the interests of justice or outweighs the prejudice caused to Plaintiff by any stay, including Defendants' self-imposed *de facto* stay. Significantly, Plaintiff's class certification motion is due on June 26, 2012 – just eight days after Defendants' MJOP and MSJ are scheduled to be heard. Nor do Defendants provide any support for their conclusory burden objections. Defendants also fail to meet their burden to show by "clear and convincing evidence" that the MJOP and MSJ will be granted by the Court. Finally, as Plaintiff has previously informed Defendants, a related complaint will soon be filed naming additional plaintiffs and claims arising from Defendants' same illegal kickback scheme that will moot any purported standing issues raised in Defendants' "dispositive motions."[3]

Accordingly, and as explained more fully below, this Court should reject Defendants' recycled and unsupported arguments, affirm the Court's previous directive that this case proceed expeditiously to trial without "phased" discovery, and deny the Stay Motion.

---

[2] On April 20, 2012, the Non-Home-Warranty Defendants' filed their Motion for Judgment on the Pleadings [Dkt. No. 57] ("MJOP"), and Defendant Fidelity National Home Warranty Company filed its Motion for Summary Judgment [Dkt. No. 58] ("MSJ"). Plaintiff's oppositions to these motions are due on May 29, 2012 and May 21, 2012, respectively, with hearings for both motions set for June 18, 2012.

[3] *See*, March 16, 2012 correspondence from Frank Bottini to Defendants' Counsel, Bottini Decl., Ex. C.

OPP TO DEFS MOTION FOR AN ORDER
STAYING DISCOVERY
Case No. CV 11-09746 DSF (AGRx)

## II.   **FACTUAL BACKGROUND**

On November 23, 2011, Plaintiff filed a class-action Complaint against Fidelity National Financial ("FNF") and certain of its subsidiaries for violation of Section 8 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The Complaint alleges that for years Defendants paid illegal commissions and kickbacks to real estate agents in exchange for the agents' referral of real estate settlement services provided by FNF's subsidiaries, including home warranties, during which time they actively concealed the kickbacks from consumers and federal regulators.  Complaint ¶¶ 1-2, 39-45, 52-53.  In July 2011, the United States Department of Housing and Urban Development ("HUD") announced a settlement agreement with Defendant FNF arising out of HUD's determination that the kickback scheme violated Section 8 of RESPA, in which FNF was forced to pay a $4.5 million fine.  *Id.* ¶¶ 53-56.

On January 26, 2012, the Court denied Defendants' Rule 12(b)(1) Motion to Dismiss.  In *that* Motion to Dismiss, Defendants contended that Plaintiff lacked standing because the FNF home protection plan Plaintiff acquired was not purchased through TransactionPoint, a web-based platform licensed by FNF that was a component of Defendants' fraudulent scheme, and no kickback was actually paid in connection with the sale.  The Court found that "the Complaint does not allege that the use of the web platform was the only way for agents to receive kickbacks from Defendants," and that "the parties clearly dispute whether a kickback was paid."  Order Denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction at 2 [Dkt. No. 36].

On February 17, 2012, in advance of the CMC, the parties filed two reports pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rules").  Defendants insisted on filing a separate Rule 26(f) Report so that they could impress upon this Court how, "in connection with drafting their dispositive

1   motions, Defendants ha[d] already developed undisputed, compelling evidence that

2   Plaintiff did not [have standing]."  *See* Bottini Decl., Ex. A at 10.  In their separate

3   Rule 26(f) Report, Defendants requested trifurcated discovery, as follows: "(I)

4   discovery related to Plaintiff's individual claims; (II) class-certification discovery;

5   and (III) merits discovery."  *Id.*

6       At the CMC, Your Honor rejected Defendants' request to sequence

7   discovery, ruling: ***"I'm not going to order bifurcated discovery.  I almost never do***

8   ***[ ]."***  *See* Bottini Decl., Ex. B at 7:19-20.  Despite the Court's unequivocal ruling,

9   Defendants again attempted to persuade the Court that bifurcation was appropriate

10  based on anticipated motions to challenge Plaintiff's standing.  *Id.* at 10-10:11-5

11  ("[W]ould the Court at least hear us any further on the issue of bifurcation [of

12  discovery]? … [I]f the Court would deal with the summary judgment motion we're

13  prepared to file shortly regarding why Mr. Preston has no standing … we think it

14  would avoid all the discovery [ ] that has nothing to do with this case.").  Again,

15  the Court rejected any stay of merits or class certification discovery, specifically

16  recognizing the need for Plaintiff to develop evidence under the accelerated

17  briefing schedule for class certification, among other reasons.  *Id.* at 11:6-12

18  ("Well, they have 120 days to file their motion for class [certification], so they

19  need to tailor their discovery.  You can file your motion for summary judgment

20  whenever you want, and then they'll see what they need to do to get discovery on

21  those issues.").

22      Following the CMC, the parties exchanged written discovery.  On March 6,

23  2012, Plaintiff served Requests for Production of Documents to Defendants.  *See*

24  Bottini Decl., ¶ 5.  On March 12, 2012, Plaintiff served Requests for Admission to

25  All Defendants and Interrogatories to All Defendants.  *Id.*  On April 5 and April

26  11, respectively, Defendants served responses to these discovery requests and

27  unilaterally imposed a *de facto* stay in violation of the Court's instructions.  *Id.*  In

28  their responses, Defendants ***refused*** to produce any discovery other than

1  information that Defendants' deemed relevant to Plaintiff's standing, which they

2  intended to challenge (*e.g.*, Defendants refused to provide any class discovery).[4]

3      Despite their own refusal to cooperate in discovery, Defendants served

4  written discovery on Plaintiff.  On March 2, 2012, Defendants served Requests for

5  Production of Documents to Plaintiff, to which Plaintiff responded on April 4,

6  2012.  *Id.*, ¶ 6.  Defendants also served document subpoenas on and deposed

7  several third parties.  *Id.*  In addition, notwithstanding their Stay Motion,

8  Defendants continue to demand Plaintiff's deposition.  *Id.*, ¶ 11, Ex. G.

9      During an April 10, 2012, "meet and confer" telephonic conference call,

10 Plaintiff's counsel informed Defense counsel that Plaintiff intended to amend the

11 Complaint to add new plaintiffs.  *Id.*, ¶ 10.  Two days later, on April 12, 2012,

12 Defendants filed before the Magistrate Judge a Motion For Protective Order

13 Staying Discovery [Dkt. No. 55], which was promptly stricken by the Court on

14 April 24, 2012, and directed to be filed before the District Judge.  On April 25,

15 2012, Defendants filed the instant Stay Motion.

16 **III.   LEGAL STANDARD**

17     The Federal Rules permit discovery in civil actions of "any matter, not

18 privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ.

19 P. 26(b)(1).  Generally, the purpose of discovery is to remove surprise from trial

20 preparation so the parties can obtain evidence necessary to evaluate and resolve

21 their dispute.  *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D. Cal.

22 1998).

23     The Federal Rules do not automatically stay discovery during the pendency

24 of a potentially dispositive motion.  *Skellerup Indus. Ltd. v. City of L.A.,* 163

25 F.R.D. 598, 600–01 (C.D. Cal. 1995) (noting that if the Federal Rules

26 contemplated a motion to dismiss would stay discovery, the Rules would contain

27

28 [4] Plaintiff intends to shortly file a motion to compel the production of documents
responsive to his first set of Requests for Production of Documents to Defendants.

such a provision).   Instead, a request to stay discovery is within the Court's discretion and may be granted only upon a showing of good cause that demonstrates the "harm or prejudice that will result from the discovery," or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   Fed. R. Civ. P. 26(c)(1).   Discovery stays are typically disfavored because they are directly at odds with the federal policy of expediting litigation.   *Skellerup,* 163 F.R.D. at 600–01; *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 WL 2850041 at *2 (N.D. Cal. Oct. 5, 2006).

Because discovery stays are disfavored in federal courts, the party seeking the stay has a "heavy burden of making a 'strong showing' why discovery should be denied."   *Skellerup*, 163 F.R.D. at 600 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005).   "[T]he moving party must show a particular and specific need for the [stay], as opposed to making stereotyped or conclusory statements."   *Skellerup*, 163 F.R.D. at 600.   The Court is required to balance the harm of staying discovery against the benefits of allowing it to proceed.   *Id.* at 602; *White*, 2006 WL 2850041 at *2; Schwarzer, Tashima & Wagstaffe, California Practice Guide: *Federal Civil Procedure Before Trial*, § 11:543 (Rutter 2012).   In the context of a pending motion to dismiss, the Ninth Circuit has held that a district court may only enter an order staying discovery, on a showing of good cause, when the district court "is **convinced** that the plaintiff will be unable to state a claim for relief."   *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (per curiam).

//

//

//

//

//

## IV. **ARGUMENT**

### A. **Defendants' Motion For Stay Of Discovery Is An Attempted End-Run Around The Court's Prior Denial Of Bifurcated Discovery**

Defendants' Stay Motion is directly contradictory to the Court's ruling at the CMC refusing to bifurcate discovery, and is nothing more than an untimely motion for reconsideration of that decision. At the CMC, the Court refused Defendants' request to sequence discovery and indicated that all discovery, especially discovery pertaining to class certification and merits, should move forward at once. When Defendants asked the Court to reconsider its refusal to stay class or merits discovery, Your Honor **again** declined and expressly recognized the need for early class discovery. *See* Bottini Decl., Ex. B at 11:6-12 ("[Plaintiff has] 120 days to file [his] motion for class [certification]. . . . You [Defendants] can file your motion for summary judgment whenever you want. . . . So those two things in itself will affect some kind of bifurcation [ ].").

Defendants' Stay Motion – and their self-imposed stay by refusing to provide any discovery other than what they unilaterally consider to be relevant to Plaintiff's individual real estate transaction – flies in the face of the Court's ruling at the CMC. In short, Defendants have arrogated to themselves the authority to impose the same bifurcated discovery that the Court rejected. Moreover, not only is Defendants' Stay Motion an untimely motion for reconsideration, it is also barred by the "law of the case" doctrine.[5] If granted, Defendants' requested relief would essentially nullify the Court's prior ruling.

---

[5] Under the "law of the case" doctrine, a court should avoid reopening issues decided in earlier stages of the same litigation (*see, e.g.*, *Agostini v. Felton*, 521 U.S. 203, 236 (1997); *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)), unless there has been a substantial change in, or clarification of, law "that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). The Supreme Court has stated that, "as a rule," a court "should be loathe" to revisit its prior decisions under the law of the case doctrine absent such "extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988);

**B.    Defendants Fail To Show Good
Cause For The Requested Stay Order**

Defendants also fail to meet their "heavy burden" to show "good cause" to stay discovery.  *See* Fed. R. Civ. P. 26(c).  Among other things, Defendants have not even attempted to demonstrate by admissible evidence how any claimed hardship to Defendants caused by discovery outweighs the prejudice to Plaintiff, including Plaintiff's ability to develop evidence in support of his class certification motion due on June 26, 2012.

*First*, Defendants fail to address the severe prejudice to Plaintiff's ability to meet the pretrial schedule in this case, including the accelerated schedule for class certification, caused by a stay.  *See, e.g., Skellerup*, 163 F.R.D. at 600 (denying motion to stay discovery where harm of discovery stay outweighed the benefits of allowing discovery to proceed); *Exemar v. Urban League of Greater Miami, Inc.*, No. 08-20463-CIV, 2008 WL 2645675, at *2 (S.D. Fl. June 26, 2008) ("[T]he Court relied on the parties' realistic assessment of the time they would need to prepare for trial when it set the pretrial and trial schedule for this case. . . . [The] desire to eliminate any unnecessary discovery proceedings by addressing this case-dispositive issue separately from the rest does not, on its own, constitute good cause for bifurcating or staying discovery".); *cf. Wood v. McEwen,* 644 F.2d at 801 (affirming district court's order staying discovery in light of a pending motion to dismiss where plaintiff at no time alleged that any prejudice resulted from the order), *cert. denied,* 455 U.S. 942 (1982).  While Defendants may hope their MJOP and MSJ will succeed, if these motions fail, any discovery stay will cause substantial prejudice to Plaintiff and require the Court to revise the pretrial schedule.

---

*Ariz. v. Cal.*, 460 U.S. 605, 618, 619 n.8 (1983) (a court should not depart from a prior holding unless "convinced that it is clearly erroneous and would work a manifest injustice.").

Defendants' assertion that "[i]f the [MJOP and MSJ] are not granted, [Plaintiff] will have sufficient time to conduct discovery [because the] discovery cut-off is over 15 months away" (Stay Motion at 7), is both disingenuous, particularly in light of Defendants' refusal to produce any class certification or merits discovery thus far, and patently false.  In fact, Defendants noticed hearings on the MJOP and MSJ for June 18, 2012 – only *eight days* before Plaintiff's class certification motion filing deadline.  Even assuming the Court rules on Defendants' MJOP and MSJ at the hearing, it is absurd for Defendants to suggest that Plaintiff could complete his class discovery in eight days.

***Second***, Defendants fail to provide the requisite support for their burden objections by admissible evidence.  As the party resisting discovery, Defendants have "the burden to show discovery should not be allowed" and "of clarifying, explaining, and supporting its objections." *Sullivan*, 233 F.R.D. at 575.  Defendants fail to provide the Court with ***any*** support, such as declarations or affidavits explaining why the discovery at issue is purportedly "unduly burdensome." *See City of Colton v. Am. Promotional Events, Inc.*, No. EDCV 09-01864 PSG (SSx), 2011 WL 2222133, at *5 (C.D. Cal. June 7, 2011) ("Objections that discovery is overly burdensome generally fail unless the objecting party supports the burdensomeness contention with adequate declarations or affidavits.").

For example, Defendants fail to identify the amount of documents responsive to Plaintiff's targeted discovery concerning the alleged TransactionPoint kickback scheme and Defendants' related correspondence with regulators and industry practice groups, the cost of producing such documents to Plaintiff, or why collecting and producing such documents would impose any undue burden. *See S. Cal. Hous. Rights Ctr. v. Krug*, No. CV 06-1420 SJO (JCx), 2006 WL 4122148, at *3 (C.D. Cal. Sept. 5, 2006) (denying burden objections

1   because they were "conclusory and provide[d] no information to support a finding

2   that production of the requested items would unduly burden defendants").

3        Defendants' omission is telling because the scope of Plaintiff's discovery is

4   neither burdensome nor oppressive.  The discovery Plaintiff has served is tailored

5   to issues in this case and targets a common kickback scheme which injured

6   Plaintiff and similarly situated persons, which HUD determined violated RESPA,

7   and which violations resulted in Defendants agreeing to pay a $4.5 million fine to

8   HUD.  The scope of Defendants' kickback scheme is both huge in temporal scope

9   (the Class Period is October 1, 2002 to the present) (*see* Complaint, ¶8) and

10  breadth (Defendants entered into Sub-License Agreements with real estate agents

11  throughout the entire United States).  As a result, Plaintiff's discovery requests

12  seeking production of the agreements between Defendants and real estate agents,

13  and any reports, communications, and statistical analyses of payments made to real

14  estate agents (Request for Production Nos. 1, 3, 5, 16, 18, and 28), correspondence

15  regarding any investigation of Defendants pertaining to the agreements and

16  kickbacks (Request Nos. 3, 7-11, 13), documents relating to how the kickbacks

17  affected the prices charged for Defendants' real estate settlement services (Request

18  No. 6), and documents seeking information on how Defendants used real estate

19  agents to market their real estate settlement services (Request Nos. 3, 16) are all

20  directly relevant to the central allegations of the Complaint.  Defendants also

21  cannot object to document requests asking them to produce documents sufficient to

22  identify their document preservation and email backup policies (Request No. 22),

23  and documents which support Defendants' affirmative defenses to the Complaint

24  (Request No. 26).  Moreover, a Fed. R. Civ. P. 26(c) motion is usually addressed to

25  depositions, and is normally not appropriate with respect to document requests,

26  interrogatories, and request for admissions because a party can object to such

27  discovery without providing substantive responses.  Thus, Defendants do not need

28  a stay order and are adequately protected by forcing the propounding party to file a

1   motion to compel.   *See* Baicker-McKee, Janssen, and Corr, *Federal Rules*

2   *Handbook*, 481 (West 2012).

3          Further, Defendants' objection that Plaintiff's discovery requests "sweep

4   far beyond any standing issue that is personal to him" does not make sense because

5   the Court expressly contemplated that class discovery should proceed

6   notwithstanding Defendants' anticipated "dispositive motions."   *See* Bottini Decl.,

7   Ex. B, at 11:6-10.

8          ***Third***, Defendants are aware that an amended complaint and/or additional

9   complaint with new named plaintiffs and claims arising from Defendants' same

10   kickback scheme will be filed shortly and will moot any purported standing issues

11   raised in Defendants' "dispositive motions."   *See* Bottini Decl., ¶ 7, Ex. C.

12   Accordingly, Plaintiff's discovery would not be wasted even if the MJOP and MSJ

13   were granted since Plaintiff could utilize the discovery responses in its Amended

14   Complaint, which would allow for a more detailed Complaint and would assist in

15   expediting the case.   *See S.F. Tech. v. Kraco Enter.*, No. 5:11-cv-00355 EJD, 2011

16   WL 2193397, at *3 (N.D. Cal. June 6, 2011) (denying motion for order staying

17   discovery where "the discovery sought by [plaintiff] would certainly allow for a

18   more detailed complaint . . . and would assist in expediting a case which has now

19   been pending for over one year").

20          ***Fourth***, the fact that Plaintiff may not need discovery to oppose Defendants'

21   MJOP and MSJ does not establish "good cause" necessary to warrant a stay of

22   discovery, as Defendants attempt to argue.   In their Stay Motion, Defendants cite

23   to dicta in *Jarvis v. Regan,* 833 F.2d 149 (9th Cir. 1987) for the proposition that

24   "[w]hen there are no 'factual issues that require [ ] discovery for their resolution,' a

25   district court does not abuse its discretion 'in staying discovery pending a hearing'

26   on a defendant's dispositive motion."   Stay Motion at 5.   Stated differently*,*

27   Defendants argue that discovery would be appropriate if Plaintiff requires it to

28   oppose Defendants' MJOP and MSJ.   While Defendants may wish to shift their

heavy burden of showing good cause onto Plaintiff, this is not the established rule in the Ninth Circuit.  Indeed, courts in the Ninth Circuit since *Jarvis* have routinely allowed discovery to advance for reasons other than the need to oppose a motion to dismiss.  *See, e.g.*, *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. CIV S-07-0142 LKK GGH, 2007 WL 1146607 at *2 (E.D. Cal. Apr. 18, 2007) (plaintiff did not contend that it needed discovery to combat defendant's motion to dismiss; nevertheless, the court denied defendant's motion to stay discovery because defendant could not prove by "clear and convincing evidence" that it would succeed on its motion to dismiss).  In any event, in addition to the discovery Plaintiff has already propounded, and which should go forward under the Scheduling Order previously issued by the Court, Plaintiff does intend to propound additional discovery addressed to Defendants' recently-filed motions.  *See* Bottini Decl., ¶ 12.  At the CMC, the Court asked whether Plaintiff might need discovery to rebut Defendants' anticipated motions, and Plaintiff responded in the affirmative.  *See* Bottini Decl., Ex. B, at 7:12-18.

*Fifth*, even if the Court were to overrule its prior decision refusing to stay merits and class certification discovery, a cursory review of the MJOP and MSJ reveals that Defendants cannot establish by "clear and convincing evidence" that they will prevail on these purportedly "dispositive" motions.  *See, e.g.*, *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *Seven Springs*, 2007 WL 1146607, at *2 (both providing standard for assessing "good cause" for a discovery stay in the context of a pending motion to dismiss).

Among other things, the discovery conducted so far indicates that the Declaration of William Ryan Lenocker, which Defendants originally submitted in support of their unsuccessful Fed. R. Civ. P. 12(b)(1) motion, is false in several material respects.  At his deposition, Mr. Lenocker, the selling agent in Plaintiff's real estate transaction, admitted that the statement in his Declaration that the seller Maria Tomassini had "sole discretion" to select Defendant Fidelity National Home

Warranty to provide a home protection contract as part of escrow (*see* Bottini Decl., Ex. E (Lenocker Decl.), ¶13) was false.  Lenocker testified that it was the escrow officer, Michelle Carr, who had selected Fidelity.  *See* Bottini Decl., Ex. F (excerpt from Lenocker Depo.), at pp. 100, 114-115.  Lenocker also admitted that Tomassini was not even the real seller of the property, that she did not hold title to the property, and that she did not receive the proceeds from the sale of the property, but instead, directly deposited the proceeds into the bank account of an LLC entity.  *See id.* at p. 99.

Plaintiff also disputes the fact that Plaintiff did not pay for the real estate settlement service.  Plaintiff deposited all the money into escrow and requested the home protection contract be provided as part of escrow.  *See id.* at pp. 128-30.  Lenocker admitted at his deposition that the seller would have been willing to provide Plaintiff a cash credit in escrow in lieu of a home protection contract.  *Id.* at pp. 126-27.  Under these circumstances, Plaintiff believes he will prevail on Defendants' MJOP and MSJ since Plaintiff provided the funds used to purchase the home protection contract.

Moreover, Lenocker provided factual support for Defendants' alleged wrongful conduct.  Lenocker admitted at his deposition that some of the Defendants had a pattern and practice of giving things of value to his real estate firms in the past, such as gifts of digital cameras and donations to his firms' golf events. *See id.* at p. 78.

For the foregoing reasons, Defendants' assertion that no further discovery "should be necessary" to resolve the issues raised in their MJOP and MSJ is conclusory and false.  *See* Stay Motion at 5.  The court in *Skellerup,* 163 F.R.D. at 598 similarly rejected a conclusory assertion by a defendant that compliance with a plaintiff's discovery request should be stayed pending the district judge's ruling on its motion to dismiss:

1
2
3
4
5
6
7
8
9

Defendant [] has done no more than to argue in conclusory fashion that its motion to dismiss will succeed. This "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement.  Such general arguments could be said to apply to any reasonably large civil litigation.   If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions.... [¶] Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."

10

*Id.* at 600-01 (citing to *Gray*, 133 F.R.D. at 40)

11
12

## C.    Defendants Waived Any Opportunity To Seek Reconsideration Of The Court's Prior Ruling

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Finally, Defendants waived any right to seek a discovery stay through their inconsistent actions in the litigation.  *See Mardirosian v. Lincoln Nat'l Life Ins. Co.*, 739 F.2d 474, 477 (9th Cir.1984) ("Waiver occurs when there is 'an existing right, a knowledge of its existence, and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.") (quoting *Silva v. Nat'l Am. Life Ins. Co.*, 58 Cal. App. 3d 609, 615 (1976)).  Here, Defendants have acknowledged that the Court "directed the parties to go forward with discovery" and "did not limit the order of discovery."  *See* Bottini Decl., ¶ 8, Ex. D (Letter from Defense Counsel) at p. 1.  By serving multiple sets of discovery on Plaintiff and on several non-parties; by substantively responding, in part, to Plaintiff's discovery requests; and by pressing forward to schedule Plaintiff's deposition after having filed the Motion For Protective Order Staying Discovery on April 12, 2012 – all the while refusing to cooperate in reciprocal discovery – Defendants have waived any right to seek a discovery stay.

28

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiff requests that Defendants' Stay Motion be denied.

Dated: May 14, 2012                    Respectfully submitted,

CHAPIN FITZGERALD SULLIVAN
    & BOTTINI LLP

EDWARD D. CHAPIN
(echapin@cfsblaw.com)
FRANCIS A. BOTTINI
(fbottini@cfsblaw.com)
JILL M. SULLIVAN
(jsullivan@cfsblaw.com)
KEITH M. COCHRAN
(kcochran@cfsblaw.com)


/s/ *Francis A. Bottini, Jr.*
Francis A. Bottini, Jr., Esq.

550 West "C" Street, Suite 2000
San Diego, CA 92101
Tel:   (619) 241-4810
Fax:   (619) 955-5318


BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP

BLAIR A. NICHOLAS
(blairn@blbglaw.com)
BENJAMIN GALDSTON
(beng@blbglaw.com)
DAVID KAPLAN
(davidk@blbglaw.com)
LAURENCE REZA WRATHALL
(laurence.wrathall@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Attorneys for Plaintiff and the Proposed Class*