CHAPIN FITZGERALD SULLIVAN
    & BOTTINI LLP
EDWARD D. CHAPIN (Bar No. 053287)
(echapin@cfsblaw.com)
FRANCIS A. BOTTINI (Bar No. 175783)
(fbottini@cfsblaw.com)
JILL S. SULLIVAN (Bar No. 185757)
(jsullivan@cfsblaw.com)
KEITH M. COCHRAN (Bar No. 254346)
(kcochran@cfsblaw.com)
550 West "C" Street, Suite 2000
San Diego, CA 92101
Tel:   (619) 241-4810
Fax:   (619) 955-5318

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
BENJAMIN GALDSTON (Bar No. 211114)
(beng@blbglaw.com)
DAVID KAPLAN (Bar No. 230144)
(davidk@blbglaw.com)
LAURENCE REZA WRATHALL (Bar No. 279770)
(laurence.wrathall@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PRESTON, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY NATIONAL FINANCIAL, INC., a Delaware Corporation, *et al.*, <br><br> Defendants. | Case No. CV 11-09746 DSF (AGRx) <br> JUDGE DALE S. FISCHER <br><br> **DECLARATION OF FRANCIS A. BOTTINI, JR., IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER STAYING DISCOVERY** <br><br> Hearing Date:   June 4, 2012 <br> Hearing Time:   1:30 p.m. |

I, Francis A. Bottini, Jr. declare:

1.     I am an attorney licensed to practice law in the State of California, a partner in the law firm of Chapin Fitzgerald Sullivan & Bottini LLP, and counsel for the Plaintiff Paul Preston ("Plaintiff") in the above-captioned action.  I have personal knowledge of all material matters related to the above-captioned action based upon my active supervision and participation in the prosecution of this action since its inception.  Unless otherwise indicated, the statements in this declaration are made based on my personal knowledge.  If called upon to do so, I could and would competently testify to the matters in this declaration.

2.     This declaration is submitted in connection with Plaintiff's Opposition to Defendants Fidelity National Financial, Inc.; Fidelity National Home Warranty Company; Fidelity National Title Insurance Company; Lawyers Title Company; Chicago Title Company; Commonwealth Land Title Company; and Ticor Title Company of California's (collectively "Defendants") Motion For An Order Staying Discovery ("Opposition") filed concurrently herewith.

3.     On February 17, 2012, in advance of the Rule 26(f) Case Management Conference ("CMC"), the parties filed two reports pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.  In their Report, Defendants requested trifurcated discovery, as follows: "(I) discovery related to Plaintiff's individual claims; (II) class-certification discovery; and (III) merits discovery." Attached hereto as **Exhibit A** is a true and correct copy of Defendants' Rule 26(f) Report.

4.     On February 27, 2012, Plaintiff and Defendants participated in a CMC before Judge Fischer.  During the CMC, Defendants reiterated their request to phase discovery.  Judge Fischer rejected Defendants' request, ruling: "I'm not going to order bifurcated discovery.  I almost never do."  Despite Judge Fischer's ruling, Defendants again attempted to persuade the Court that bifurcation was appropriate based on anticipated motions to challenge Plaintiff's standing.  Again,

1   Judge Fischer rejected any stay of merits or class certification discovery,

2   specifically recognizing the need for discovery due to, among other reasons, the

3   accelerated briefing schedule for class certification.  Attached hereto as **Exhibit B**

4   is a true and correct copy of the Hearing Transcript from the February 27, 2012

5   Case Management Conference.

6        5.     Following the CMC, the parties exchanged written discovery.  On

7   March 6, 2012, Plaintiff served Requests for Production of Documents to

8   Defendants, to which Defendants objected and responded on April 5, 2012.  On

9   March 12, 2012, Plaintiff served both Requests for Admission to All Defendants

10   and Interrogatories to All Defendants, to which Defendants responded on April

11   11, 2012.   Defendants refused to produce documents, answer requests for

12   admission, or respond except as to Plaintiff's standing and Plaintiff's March 2011

13   real estate transaction.

14        6.     Likewise, on March 2, 2012, Defendants served their Request for

15   Production of Documents to Plaintiff, to which Plaintiff responded on April 4,

16   2012.  Defendants also noticed and served a number of third party document

17   subpoenas, including to The Settlement Source Escrow on February 24, 2012;

18   Victor Valley Property Center on March 2, 2012; Maria L. Tomassini on March 2,

19   2012; and ING Direct on March 2, 2012.  Further, Defendants noticed and served

20   deposition subpoenas on Plaintiff, Michelle Carr, Fulton Wright, and Maria

21   Tomassini on March 2, 2012.  Defendants have now taken the depositions of

22   Michelle Carr and Fulton Wright.

23        7.     On March 16, 2012, I sent a letter to Michael J. Gleason, counsel to

24   Defendants, informing Defendants that Plaintiff would be seeking leave to amend

25   the Complaint.  A true and correct copy of my March 16, 2012 letter to Mr.

26   Gleason is attached hereto as **Exhibit C**.

27        8.     On March 19, 2012, I received a letter from Mr. Gleason regarding

28   my March 16 letter.  In his March 19 letter, Mr. Gleason acknowledged Plaintiff's

"stated intention to seek leave to amend his complaint."  Mr. Gleason also acknowledged in his letter that "Judge Fischer directed the parties to go forward with discovery" and "[s]he did not limit the order of discovery."  Attached as **Exhibit D** is a true and correct copy of Mr. Gleason's March 19, 2012 letter.

9.     On April 3, 2012, I took the deposition of William Ryan Lenocker, the selling agent in Plaintiff's March 2011 real estate transaction.  Mr. Lenocker's deposition testimony suggested to me that several statements in his Declaration to this Court, filed by Defendants on February 17, 2012 [Dkt. No. 39-1], were inaccurate or false.  Attached hereto as **Exhibit E** is a true and correct copy of the Declaration of W. Ryan Lenocker.  Attached hereto as **Exhibit F** is a true and correct copy of Mr. Lenocker's deposition transcript.

10.     On April 10, 2012, I participated in a "meet and confer" telephonic conference call with Defense counsel, including Mr. Gleason.  During the call, I again informed counsel for Defendants that Plaintiff intended to amend the Complaint by adding new plaintiffs.  However, Defense counsel stated during the meet and confer conference call that they would not stipulate to an amended complaint.

11.     Even though Defendants have filed the instant Motion seeking an order staying *all* discovery, they continue to insist upon taking the deposition of Plaintiff Paul Preston.  Attached hereto as **Exhibit G** is a true and correct copy of an email from Mr. Gleason to me, dated April 17, 2012, reiterating Defendants' demand to proceed with Preston's deposition notwithstanding the previously filed Motion For Protective Order Staying Discovery on April 12, 2012.

12.     On April 20, 2012, the Non-Home-Warranty Defendants' filed their Motion for Judgment on the Pleadings [Dkt. No. 57], and Defendant Fidelity National Home Warranty Company filed its Motion for Summary Judgment [Dkt. No. 58].  Plaintiff has propounded additional discovery addressed to these recently-filed motions.  Further, Plaintiff intends to continue to propound

1   discovery addressed to the upcoming motion for class certification due June 26,

2   2012.  However, as of the present date, Plaintiff has not been able to obtain the

3   discovery necessary to file the Motion for Class Certification due to Defendants'

4   violation of the Court's February 29, 2012 Order Regarding Jury Trial and the

5   improper and self-imposed stay of discovery that Defendants have arrogated to

6   themselves in blatant violation of the Court's orders.

7

8         I declare under penalty of perjury that the foregoing is true and correct.

9   Executed on this 14th day of May, 2012, in San Diego, California.

10

11                                    */s/ Francis A. Bottini, Jr.*

12                                    Francis A. Bottini, Jr.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF FRANCIS BOTTINI ISO OPPOSITION TO
DEFS MOTION FOR AN ORDER STAYING
DISCOVERY
Case No. CV 11-09746 DSF (AGRx)