Michael J. Gleason SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Attorneys for Defendants Fidelity National Financial, Inc.; Fidelity National Home Warranty Company; Fidelity National Title Insurance Company; Lawyers Title Company; Chicago Title Company; Commonwealth Land Title Company; and Ticor Title Company of California

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

PAUL PRESTON, on Behalf of Himself and All Others Similarly Situated,
Plaintiffs,
v.

FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al.*
Defendants.

Case No. CV11-09746 DSF (AGRx)

JUDGE DALE S. FISCHER

**OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO FNHW'S MOTION FOR SUMMARY JUDGMENT**

**Hearing Date: June 18, 2012**
**Hearing Time: 1:30 p.m.**

Defendant Fidelity National Home Warranty Company ("FNHW") submits the following objections to the evidence submitted by Plaintiff in connection with his Statement of Genuine Disputes and Additional Material Facts in Opposition to Defendant's Motion for Summary Judgment. [Doc. No. 67.] For the reasons set forth below, this evidence should be disregarded. *See* FED. R. CIV. P. (c)(2).

| FNHW's Uncontroverted Facts | Preston's Response | FNHW's Responses and Objections |
|---|---|---|
| 3. Payment for that contract and selection of FNHW as the home-warranty company were done exclusively by the seller, Maria Tomassini, not Preston. | Disputed. Mr. Preston paid the premium for the contract. *See* Declaration of Paul E. Preston ("Preston Decl.") ¶¶ 8-11; Deposition of William Lenocker ("Lenocker Dep.") at 126:19-127:17, 129:19-130:10. Lenocker chose FNHW. Lenocker Dep. at 100:16-20. | **Objection #1:** Preston Decl. ¶ 8 does not create a genuine issue of material fact, contradicts ¶ 4 of same declaration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #2:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #3: Improper Argument** (C.D. Local Rule 7-7 (declarations shall contain only factual, evidentiary matter)).<br><br>**Objection #4: Inadmissible legal conclusion**. Cited deposition testimony constitutes an unhelpful and inadmissible legal conclusion. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) |

| | | |
|---|---|---|
| 4. The terms of the Preston Transaction were dictated by a purchase agreement that Preston's agent presented to Tomassini and the listing real estate broker, Century 21 Elite (the "Purchase Agreement"). | Disputed to the extent that this statement suggests the Agreement alters the economic reality that Mr. Preston paid for the FNHW contract. *See, e.g.*, Lenocker Dep. at 126:19-127:17, 29:19-130:10. | **Objection #1:** Misstates testimony.<br><br>**Objection #2: Inadmissible legal conclusion**. Cited deposition testimony constitutes an unhelpful and inadmissible legal conclusion. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) |
| 5. The Purchase Agreement specifically required that Tomassini "pay the cost, not to exceed $395.00" for a home-warranty contract issued by the company of her choice. | Disputed because this statement conflicts with the economic reality that Mr. Preston paid for the FNHW contract. *See* Preston Decl. ¶¶ 8-11; Lenocker Dep. at 126:19-127:17, 129:19-130:10. | **Objection #1:** Preston Decl. ¶ 8 does not create a genuine issue of material fact, contradicts ¶ 4 of same declaration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #2:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #3: Improper Argument** (C.D. Local Rule 7-7 (declarations shall contain only factual, evidentiary matter)). |

| | | |
|---|---|---|
| | | **Objection #4: Inadmissible legal conclusion**. Cited deposition testimony constitutes an unhelpful and inadmissible legal conclusion. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) |
| 6. Tomassini did end up paying the full cost of the home-warranty contract, and thus Preston paid no part of it. | Disputed. Mr. Preston paid the premium for the contract. *See* Preston Decl. ¶¶ 8-11; Lenocker Dep. at 126:19-127:17, 129:19-130:10. Tomassini did not pay for anything in the Preston Transaction, or deposit any funds into the escrow account. *See* Lenocker Dep. 99:11-20, 128:14-129:14, 130:25-131:12. | **Objection #1:** Preston Decl. ¶ 8 does not create a genuine issue of material fact, contradicts ¶ 4 of same declaration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #2:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #3: Improper Argument** (C.D. Local Rule 7-7 (declarations shall contain only factual, evidentiary matter)).<br><br>**Objection #4: Inadmissible legal conclusion**. Cited deposition testimony |

| | | |
|---|---|---|
| | | constitutes an unhelpful and inadmissible legal conclusion. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Objection #5: Mischaracterizes deposition testimony.** *See* Lenocker Dep. 99:11-20, 128:14-129:14, 130:25-131:12. |
| 7. The HUD-1 settlement statement from Preston's March 2011 transaction, which Preston accepted and acknowledged as accurately reflecting all charges from that transaction, reflects that Tomassini was charged and paid for the home-warranty contract. | Disputed to the extent that this statement suggests that Tomassini paid for Mr. Preston's FNHW contract. Mr. Preston paid the premium for the contract. *See* Preston Decl. ¶¶ 8-11; Lenocker Dep. at 126:19-127:17, 129:19-130:10. Tomassini did not pay for anything in the Preston Transaction, or deposit any funds into the escrow account. *See* Lenocker Dep. 99:11-20, 128:14-129:14, 130:25-131:12. | **Objection #1:** Preston Decl. ¶ 8 does not create a genuine issue of material fact, contradicts ¶ 4 of same declaration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #2:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #3: Mischaracterizes testimony.** *See* Lenocker Dep. 99:11-20, 128:14-129:14, 130:25-131:12. |
| 8. Acting on | Disputed. Tomassini did | **Objection #1:** |

| | | |
|---|---|---|
| Tomassini's behalf, Century 21 Elite asked the escrow company, The Settlement Source Escrow, to select a home-warranty company and arrange for its purchase. | not participate in Mr. Preston's transaction. *See* Lenocker Dep. 99:11-20. Nor did she pay for the FNHW contract. *See id.* at 99:11-20, 128:14-129:14, 130:25-131:12. Mr. Preston paid the premium for the contract. *See* Preston Decl. ¶¶ 8-11; Lenocker Dep. at 126:19-127:17, 129:19-130:10. Lenocker selected FNHW. Lenocker Dep. 100:16-20. | **Mischaracterizes testimony** (*see* Lenocker Dep. at 99:11-20, 128:14-129:14, 130:25-131:12).<br><br>**Objection #2:** Preston Decl. ¶ 8 does not create a genuine issue of material fact, contradicts ¶ 4 of same declaration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #3:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #4: Improper Argument** (C.D. Local Rule 7-7 (declarations shall contain only factual, evidentiary matter)).<br><br>**Objection #5: Inadmissible legal conclusion**. Cited deposition testimony constitutes an unhelpful and inadmissible legal conclusion. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. |

| | | |
|---|---|---|
| | | 2010). |
| 10.  The order for the home-warranty contract was not placed through the TransactionPoint software system, and no aspect of the Preston Transaction was processed through that system. | Disputed to the extent that this statement suggests that Mr. Preston's transaction is kickback-free and in compliance with the Real Estate Settlement Procedures Act of 1974 and its attendant regulations.  *See* Dkt. Nos. 1, 36 at 2. | **Objection:**  Pleading allegations do not create a genuine issue of material fact.  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998). |
| 11.  No commission, kickback, or thing of value was received by or paid to Century 21 Elite, its principals, Tomassini, or The Settlement Source Escrow for The Settlement Source Escrow's having ordered the home-warranty contract from FNHW. | Disputed to the extent that this statement suggests that Mr. Preston's transaction is kickback-free and in compliance with the Real Estate Settlement Procedures Act of 1974 and its attendant regulations.  *See* Dkt. Nos. 1, 36 at 2.  The evidence suggests that Lenocker received kickbacks.  *See* Lenocker Dep. at 78:24-79:4, 101:5-7. | **Objection #1:**  Pleading allegations do not create a genuine issue of material fact.  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998).<br><br>**Objection #2:** Mischaracterizes deposition testimony (*See* Lenocker Dep. at 728:24-79:4, 101:5-7).<br><br>**Objection #3:**  Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403). |

| | | |
|---|---|---|
| 12.  All the fees paid for the contract paid by seller to and were retained by FNHW. | Disputed to the extent that this statement suggests that Mr. Preston's transaction is kickback-free and in compliance with the Real Estate Settlement Procedures Act of 1974 and its attendant regulations.  *See* Dkt. Nos. 1, 36 at 2.  The evidence suggests that Lenocker received kickbacks.  *See* Lenocker Dep. at 78:24-79:4, 101:5-7. | **Objection #1:**  Pleading allegations do not create a genuine issue of material fact.  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998).<br><br>**Objection #2:** Mischaracterizes deposition testimony (*See* Lenocker Dep. at 728:24-79:4, 101:5-7).<br><br>**Objection #3:**  Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403). |
| 13.  FNHW did not directly or indirectly require that a home protection contract be issued, purchased, or acquired in connection with the Preston Transaction. | Disputed to the extent that this statement suggests that Mr. Preston's transaction is kickback-free and in compliance with the Real Estate Settlement Procedures Act of 1974 and its attendant regulations.  *See* Dkt. Nos. 1, 36 at 2.  The evidence suggests that Lenocker received kickbacks.  *See* Lenocker Dep. at 78:24-79:4, 101:5-7. | **Objection #1:**  Pleading allegations do not create a genuine issue of material fact.  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998).<br><br>**Objection #2:** Mischaracterizes deposition testimony (*See* Lenocker Dep. at 728:24-79:4, 101:5-7).<br><br>**Objection #3:**  Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs |

| | | |
|---|---|---|
| | | any probative value (FRE 403). |
| 14. After October 11, 2011, all subsidiaries of FNF stopped making payments to real estate agents, brokers, and other service providers as part of the TransactionPoint system. | Disputed to the extent that this statement suggests that FNF has ceased all aspects of its illegal practices alleged in the complaint. *See* Dkt. Nos. 1, 36 at 2. | **Objection:** Pleading allegations do not create a genuine issue of material fact. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998). |
| 15. FNF and its subsidiaries, which include FNHW, have no intention of resuming that practice. | Disputed to the extent that this statement suggests that FNF has ceased all aspects of its illegal practices alleged in the complaint. *See* Dkt. Nos. 1, 36 at 2. | **Objection:** Pleading allegations do not create a genuine issue of material fact. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998). |
| 16. After the seller bought and paid for the home-warranty contract at closing, FNHW sent Preston his home-warranty contract in the mail. | Disputed because Mr. Preston paid for the FNHW contract. *See* Preston Decl. ¶¶ 8-11; Lenocker Dep. at 126:19-127:17, 129:19-130:10. | **Objection #1:** Preston Decl. ¶ 8 does not create a genuine issue of material fact, contradicts ¶ 4 of same declaration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #2:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #3: Improper Argument** (C.D. Local Rule 7-7 |

| | | |
|---|---|---|
| | | (declarations shall contain only factual, evidentiary matter)).<br><br>**Objection #4: Inadmissible legal conclusion**. Cited deposition testimony constitutes an unhelpful and inadmissible legal conclusion. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) |
| 17. The invoice and check for the contract also show that Preston was not charged for the price of that contract. | Disputed because Mr. Preston paid for the FNHW contract. *See* Preston Decl. ¶¶ 8-11; Lenocker Dep. at 126:19-127:17, 129:19-130:10. | **Objection #1:** Preston Decl. ¶ 8 does not create a genuine issue of material fact, contradicts ¶ 4 of same declaration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #2:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #3: Improper Argument** (C.D. Local Rule 7-7 (declarations shall contain only factual, evidentiary matter)).<br><br>**Objection #4:** |

| | | |
|---|---|---|
| | | **Inadmissible legal conclusion**. Cited deposition testimony constitutes an unhelpful and inadmissible legal conclusion. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) |
| **Preston's Purported Additional Material Facts** | **Preston's Purported Evidentiary Support** | **FNHW's Responses and Objections** |
| 18. Mr. Preston previously served as a teacher in the Los Angeles Community College District. He is now retired, and receives disability benefits. Mr. Preston is on a fixed income. | Preston Decl. ¶ 2. | As Preston's counsel refused to make him available for a deposition, FNHW cannot confirm the truth of these statements but, for purposes of this Motion, does not dispute them. |
| 19. On or about February 19, 2011, Mr. Preston made an offer to purchase the property located at 13640 Lakota Road, Apple Valley, CA (the "Property") at its full listing price of $119,900.00. | Preston Decl. ¶ 3. | As Preston's counsel refused to make him available for a deposition, FNHW cannot confirm the truth of this statement but, for purposes of this Motion, does not dispute it. |
| 20. As part of the offer, Mr. Preston deposited $2,000.00 into an escrow account, and assumed the obligation to deposit an additional $42,900.00 in | Preston Decl. ¶ 5. | As Preston's counsel refused to make him available for a deposition, FNHW cannot confirm the truth of this statement but, for |

| | | |
|---|---|---|
| cash and $75,000.00 in escrow, if his offer was accepted. | | purposes of this Motion, does not dispute it. |
| 21.  By making the offer, Mr. Preston aimed to limit the amount of cash he had to spend on down payments and closing costs.  Consistent with that goal, he obtained from his lender a cash credit of $1,000.00 and from the seller, Maria Tomassini, a cash credit of $350.00 for garage repairs. | Preston Decl. ¶ 6. | As Preston's counsel refused to make him available for a deposition, FNHW cannot confirm the truth of these statements but, for purposes of this Motion, does not dispute them.<br><br>**Objection:**  Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403). |
| 22.  Mr. Preston understood that Tomassini had purchased the Property from the lender at an auction and was selling the Property "as-is," he wanted a home-warranty policy to cover any potential repairs during his first year of ownership. | Preston Decl. ¶ 7. | **Objection:**  Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403). |
| 23.  Accordingly, Mr. Preston included a requirement in his offer that a one-year home-warranty policy be paid for out of the funds that would be deposited into | Preston Decl. ¶ 8. | **Objection:**  Not "significantly probative" because contradicts Preston Decl. ¶ 4 and the attached evidence.  *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d |

| | | |
|---|---|---|
| escrow by Mr. Preston and his lender, so that he would not have to pay for the home-warranty policy with cash. | | 1255, 1264 (9th Cir. 1993). |
| 24. Mr. Preston understood that (a) the home-warranty policy would be purchased for his benefit, and the premium for the policy would come out of the cash and loan proceeds he would deposit in escrow; (b) instead of offering the full listing price, he could have paid cash for the home-warranty policy issued by a company of his choice, and offered an amount equal to the listing price minus the premium for the policy; and (c) if he revised his offer for the Property to omit the requirement of the home-warranty policy, he could obtain a cash credit at the close of escrow for the amount of the premium for the home-warranty policy. | Preston Decl. ¶ 9. | **Objection #1:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #2: Improper Argument** (C.D. Local Rule 7-7 (declarations shall contain only factual, evidentiary matter)). |
| 25. On or about March 31, 2011, Mr. Preston closed escrow on the Property. | Preston Decl. ¶ 10. | FNHW does not dispute that Preston's transaction closed on or about March 31, 2011. |

| | | |
|---|---|---|
| 26. At closing, the escrow agent authorized a $360.00 payment to FNHW to purchase a home-warranty policy covering the Property. | Preston Decl. ¶ 11. | **Objection #1: Lacks foundation** (FRE 602)<br><br>**Objection #2: Competence**, Preston's declaration fails to show how he is competent to testify as to this matter. FED. R. CIV. P. 56(c)(4); L.R. 7-7.<br><br>**Objection #3: Disproven by documentary evidence:** Grant Deed to Preston, Exh. 9, Declaration of Abigail Chenoweth ("Chenoweth Decl.") at ¶ 2, Exh. A; Escrow Instructions, Exh. 10, Ortega Decl. at ¶¶ 2-5 & TSSE 99-105; HUD-1, Lenocker Decl. at ¶¶ 16-17 & Exh. B; and Check Stub, Exh. 10, Ortega Decl. at ¶¶ 2-5 & TSSE 13. |
| 27. Mr. Preston has made claims under the FNHW policy on multiple occasions. Based on his experience, the FNHW home-warranty policy is inferior in terms of both coverage and service. | Preston Decl. ¶ 12, Ex. 2 | **Objection:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403). |
| 31. Lenocker testified that, in a typical real estate transaction, the | Lenocker Dep. at 120:19-130:10 | **Objection: Unhelpful and inadmissible legal conclusion**. (FRE 701, |

| | | |
|---|---|---|
| buyer's money in escrow becomes the property of the seller only after the close of escrow:<br><br>"Traditionally, in an escrow transaction, the seller signs over deed of the house, and it's held by escrow. And then the buyer . . . puts up [his] earnest money deposit, which is then followed by [his] down payment, if any . . . . The remaining balance, if it's an all . . . cash transaction. And then a loan if it's a loan transaction. And then escrow takes the property and takes the money and switches hands and then debits out anything that is due to the buyer and debits out anything that's due to the seller . . . . So when in the process does the buyer's money become the seller's money? . . . I would say on the date of close of the escrow . . . . [T]he buyer's funds are transferred to the seller when that property is recorded." | | 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) |
| 32. Before the closing of an escrow on March 31, 2011, Carr authorized a $360 payment to FNHW to pay for a home- | Preston Decl. ¶¶ 8, 10-11; Lenocker Dep. at 107:12-19 | **Objection #1:** Preston Decl. ¶ 8 is not "significantly probative" because contradicts Preston Decl. ¶ 4 and the |

| | | |
|---|---|---|
| warranty policy to cover the subject property. | | attached evidence. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).<br><br>**Objection #2: Competence**, Preston's declaration fails to show how he is competent to testify as to this matter. FED. R. CIV. P. 56(c)(4); L.R. 7-7.<br><br>**Objection #3:  Misstates testimony.**  Lenocker Dep. at 107:12-19.<br><br>**Objection #4: Disproven by documentary evidence:** Grant Deed to Preston, Exh. 9 Chenoweth Decl. at ¶ 2, Exh. A; Escrow Instructions, Exh. 10 Ortega Decl. at ¶¶ 2-5 & TSSE 99-105; HUD-1, Lenocker Decl. at ¶¶ 16-17 & Exh. B; and Check Stub, Exh. 10 Ortega Decl. at ¶¶ 2-5 & TSSE 13. |

| | | |
|---|---|---|
| 33.  Lenocker testified that the proceeds in the escrow account did not become Tomassini's property until after the close of escrow, the $360 payment belonged to Mr. Preston | Lenocker Dep. at 129:19-130-10. | **Objection #1 Mischaracterizes testimony.**  Lenocker Dep. at 129:19-130-10.<br><br>**Objection #2: Unhelpful and inadmissible legal conclusion**. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)**.** |
| 34.  Both Tomassini and Mr. Preston intended that the $360 payment was his out-of-pocket expense. | Preston Decl. ¶ 9; Lenocker Dep. at 126:19-127:17 | **Objection #1: Mischaracterizes testimony.**  Preston Decl. ¶ 9; Lenocker Dep. at 126:19-127:17<br><br>**Objection #2:**  Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403).<br><br>**Objection #3: Disproven by documentary evidence:**  Grant Deed to Preston, Exh. 9 Chenoweth Decl. at ¶ 2, Exh. A; Escrow Instructions, Exh. 10 Ortega Decl. at ¶¶ 2-5 & TSSE 99-105; HUD-1, Lenocker Decl. at ¶¶ 16-17 & Exh. B; and Check Stub, Exh. 10 Ortega Decl. at ¶¶ 2-5 & TSSE 13. |

| | | |
|---|---|---|
| 35. According to Lenocker, the purchase price paid by Mr. Preston included the $360 premium:<br><br>"Q: Now, what if Mr. Preston had come to you . . . and said, 'we don't want the home warranty plan. We want $360. Give us a credit for $360 at the close of escrow.' Would that have made any economic difference to your client to give him $360 as opposed to agreeing that $360 could be deducted from the seller's proceeds at the close of escrow?<br><br>A; [A]ctual dollars in their pocket, at the end of the day, it wouldn't have changed anything . . . . I'd probably think that they would be fine with it.<br><br>Q: It wouldn't make any economic difference to Tomassini. Right?<br><br>A: . . . I don't think that HOC would have had a problem with it at all. Same net to them. And if it's what the buyer wanted, fine . . . ." | Lenocker Dep. at 126:23-127:4, 127:8-127:17 | **Objection #1: Mischaracterizes testimony.** Lenocker Dep. at 126:23-127:4, 127:8-127:17.<br><br>**Objection #2:** Irrelevant (FRE 401, 402) as not probative and likelihood of misleading/confusing substantially outweighs any probative value (FRE 403). |

| | | |
|---|---|---|
| 36. Tomassini had no funds in the escrow before closing, and the $360 payment was made from Mr. Preston's cash and loan proceeds. | Preston Decl. ¶9; Lenocker Dep. at 126:19-127:17, 127:8-127:17 | **Objection #1: Misstates testimony.** Preston Decl. ¶9; Lenocker Dep. at 126:19-127:17, 127:8-127:17<br><br>**Objection #2: Unhelpful and inadmissible legal conclusion**. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)**.** |
| 39. On February 6, 2012, Lenocker responded to Diaz stating that although he found some statements in the draft to be "incorrect" or "misleading," he signed the declaration:<br><br>"Some of the information was incorrect or a little misleading. I made changes to the document to reflect those items (mostly removing Key Asset Solutions information). I signed it and am returning it." | Bottini Decl. Ex. C; Lenocker Dep. at 132:1-7. | **Objection: Mischaracterizes testimony.** Lenocker Dep. at 132:1-7. |
| 40. Lenocker admitted to making misstatements in his declaration. | Lenocker Dep. at 137:20-22, 138:24-139:1. | **Objection: Mischaracterizes testimony.** Lenocker Dep. at 137:20-22, 138:24-139:11. |

| | | |
|---|---|---|
| 46.  Lenocker testified that the money in escrow did not become Tomassini's property until the close of escrow, and the escrow agent, not Tomassini, authorized the $360 payment. | Lenocker Dep. at 129:19-130:10 | **Objection #1: Mischaracterizes testimony.**  Lenocker Dep. at 129:19-130:10<br><br>**Objection #2: Unhelpful and inadmissible legal conclusion**. (FRE 701, 704); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) |
| 55.  FNHW admits that some of its business practices were found to have violated RESPA. | Dkt. No. 59-2 at 25-26 (Declaration of Steve Murnin) | **Objection: Mischaracterizes evidence.**  Dkt. No. 59-2 at 25-26 (Declaration of Steve Murnin) |

Date: June 4, 2012

*/s/ Michael J. Gleason*

Michael J. Gleason SBN 279434
*mgleason@hahnlaw.com*
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
*sagoldfarb@hahnlaw.com*
Derek E. Diaz (admitted *pro hac vice*)
*ddiaz@hahnlaw.com*
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Mark E. Schiffman, SBN 62654
*Mark.Schiffman@fnf.com*
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

James A. Moss, SBN 84441
*James.Moss@fnf.com*
FIDELITY NATIONAL LAW GROUP
915 Wilshire Boulevard, Suite 2100
Los Angeles, California 90017
Telephone: (213)438-4418
Facsimile: (213) 438-4417

Attorneys for Defendants
Fidelity National Financial, Inc.; Fidelity National Home Warranty Co.; Fidelity National Title Insurance Co.; Lawyers Title Co.; Commonwealth Land Title Co.; Ticor Company of California; and Chicago Title Co.

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2012, a copy of the foregoing were served on the following counsel of record via the Court's CM/ECF filing system:

Edward D. Chapin, Esq.
Francis A. Bottini, Esq.
Jill M. Sullivan, Esq.
Jennifer M. Chapman, Esq.
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: 619.241.4810
Facsimile: 619.955.5318

Blair A. Nicholas, Esq.
Benjamin Galdston, Esq.
David Kaplan, Esq.
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323

Attorneys for Plaintiff and the Putative Classes

Date: June 4, 2012

*/s/ Michael J. Gleason*
Michael J. Gleason,
Attorney for Defendants