**EXHIBIT 10**

1  Michael J. Gleason SBN 279434
   mgleason@hahnlaw.com
2  HAHN LOESER & PARKS, LLP
3  One America Plaza
   600 West Broadway, Suite 1500
4  San Diego, California 92101
5  Telephone: 216.810.4300
   Facsimile: 619.810.4301
6
7  Steven A. Goldfarb (admitted *pro hac vice*)
   sagoldfarb@hahnlaw.com
8  Derek E. Diaz (admitted *pro hac vice*)
9  ddiaz@hahnlaw.com
   HAHN LOESER & PARKS, LLP
10 200 Public Square, Suite 2800
11 Cleveland, Ohio 44114-2316
   Telephone: 216.621.0150
12 Facsimile: 216.241.2824
13
14 Attorneys for Defendants Fidelity National Financial,
   Inc.; Fidelity National Home Warranty Company; Fidelity
15 National Title Insurance Company; Lawyers Title Company;
   Chicago Title Company; Commonwealth Land Title Company;
16 and Ticor Title Company of California

17                    UNITED STATES DISTRICT COURT
18                    CENTRAL DISTRICT OF CALIFORNIA
                            WESTERN DIVISION
19

| | |
|---|---|
| PAUL PRESTON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>FIDELITY NATIONAL FINANCIAL, INC., *et al.*,<br>Defendants. | Case No. CV11-09746 DSF (AGRx)<br><br>JUDGE DALE S. FISCHER |

27                              **DECLARATION**
28

4568328                              1

I, _Miriam J. Ortega_, declare as follows:

1. I am an employee at The Settlement Source Escrow, which has its principal place of business at 2401 East Katella Avenue, #600A, Anaheim, California. The matters set forth in this declaration are based on my personal knowledge and, if called on, I would testify consistently with this declaration.

2. The Settlement Source Escrow acted as the settlement agent for the March 31, 2011, transaction in which Paul E. Preston purchased from Maria Tomassini the residential real estate located at 13640 Lakota Road, Apple Valley, California (the "Preston Transaction").

3. In response to the defendants' February 24, 2012, subpoena in this case, The Settlement Source Escrow produced copies of its files from the Preston Transaction (the "Business Records).

4. The Business Records are marked TSSE 1-189.

5. The Business Records are copies of business records that were made at or near the time by—or from information transmitted by—someone with knowledge. These records are kept in the course of The Settlement Source Escrow's regularly conducted business activity, and making these records is a regular practice of The Settlement Source Escrow.

4568328

1  I declare under penalty of perjury under the laws of the United States
2  of America that the foregoing is true and correct.
3  Date: March 29, 2012
4
5  MIRIAM S. ORTEGA
   PRINTED NAME OF DECLARANT
6
7  _____
   SIGNATURE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4568328

3

### The Settlement Source Escrow
2401 E. Katella Ave. #600A
Anaheim, CA 92806
Tel: (714) 919-8576 • Fax: (714) 705-6877

## SALE ESCROW INSTRUCTIONS

TO: The Settlement Source Escrow

Date: February 28, 2011
Escrow Officer: Michelle Carr
Escrow Number: 2523-MC

THE SETTLEMENT SOURCE ESCROW IS LICENSED AS AN ESCROW COMPANY BY THE CALIFORNIA DEPARTMENT OF CORPORATIONS UNDER , LICENSE # 9632562.

**Paul E. Preston**, (hereinafter known as Buyer) agree to purchase from **Maria Tomassini** (hereinafter known as Seller) the real property set forth herein per the terms, conditions, consideration and instructions hereinafter stated. The Seller and Buyer herein shall deliver these signed escrow instructions to **The Settlement Source Escrow**, (hereinafter known as Escrow Holder), within 3 calendar days after receipt of same.

| Terms of Transaction | | |
|---|---|---|
| Buyer has deposited with escrow | $ | 2,000.00 |
| Buyer will deposit prior to close of escrow | $ | 44,900.00 |
| Buyer to Obtain a New 1st Trust Deed in the amount of | $ | 75,000.00 |
| Buyer to Obtain a New 2nd Trust Deed in the amount of | $ | |
| TOTAL CONSIDERATION: | $ | 119,900.00 |

Furthermore, I will execute and deliver any instruments and/or funds which this escrow requires to show title as called for, all of which you are instructed to use on or before **March 30, 2011**, provided you hold a Policy of Title insurance with the usual title company's exceptions, with a liability of not less than $119,900.00, covering property in the City of **Apple Valley**, County of San Bernardino, State of California, described as follows:

SEE ATTACHED EXHIBIT "A" FOR COMPLETE LEGAL DESCRIPTION.

COMMONLY KNOWN AS    **13640 Lakota Rd, Apple Valley, CA 92307**

SHOWING TITLE VESTED IN    **Paul Preston, To Be Determined**

SUBJECT TO:

1. General and Special County and City (if any) Taxes for the current fiscal year, not due or delinquent, including any special levies, payments for which are included therein and collected therewith.
2. Lien of Supplemental Taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California.
3. Covenants, Conditions and Restrictions, reservations easements for public utilities, districts, water companies, alleys and streets, rights and rights of way of record, if any; also exceptions of oil, gas, minerals and hydrocarbons, and/or lease, if any, without the right of surface entry.
4. A New **Conventional Uninsured** FIRST Trust Deed to record, executed by Vestee herein, securing a Note for **$75,000.00** in favor of **ING Direct** or order, bearing interest at a rate determined by the Lender, payable as required by the Lender. Buyers' execution of the loan documents shall be deemed approval of all terms and conditions contained therein. Escrow Holder is instructed to comply with all of the lender's requirements in connection with said new loan.

INSTRUCTIONS TO ESCROW:

**BUYER TO QUALIFY FOR NEW LOAN:** Buyer to apply, qualify for and obtain the new loan as set out above, and the depositing herein of the lender's loan documents shall constitute satisfaction of this condition. The Buyers' signatures on the lenders loan documents shall constitute their acceptance and approval of the terms and conditions contained therein.

**PRELIMINARY TITLE REPORT:** Escrow Holder is instructed to order a copy of the Preliminary Title Report and, if any, covenants, conditions, and restrictions. Upon receipt, forward same to Buyer who will then have 10 days from receipt of same in which to approve or disapprove in writing. Absence of written notification by Buyer(s) of disapproval within specified time shall be deemed Buyer's approval of all documents and deposit of final closing funds by Buyer shall satisfy this condition in full.

**FIRE INSURANCE:** Buyer herein agrees to furnish new fire insurance prior to the close of escrow with sufficient coverage on the dwelling for replacement of subject property. Buyer to deposit sufficient funds as called for by Escrow Holder to pay first year premium at close of escrow. Lender's release of loan funds shall be deemed their approval of said insurance coverage.

**PRELIMINARY CHANGE OF OWNERSHIP REPORT:** Prior to the close of escrow, Grantee shall cause to be handed to Escrow Holder a fully completed and executed "Preliminary Change of Ownership Report" pursuant to the requirements and in

ATTACHED HERETO AND MADE A PART HEREOF
*My initials below represent my agreement and acknowledgement of the foregoing*
Page 1

BUYER INITIALS _P E P_                SELLER INITIALS _____

The Settlement Source Escrow

Date: February 28, 2011
Escrow No. 2523-MC

accordance with Section 480.3 of the Revenue and Taxation Code, State of California. If Grantee so chooses, Grantee may elect not to complete and execute said form prior to the close of escrow. In such an event, Grantee is aware that a $20.00 charge will be assessed by the County Recorder's Office and Escrow Holder will charge the account of the Grantee accordingly. Escrow Holder's sole duty shall be the delivery of said form to the County Recorder at the time of recordation of transfer documents.

**OWNERS TITLE POLICY AND TRANSFER TAX:** Escrow Holder will credit the Buyer and debit the Seller for the owners title policy and transfer tax per HUD guidelines.

**NHD REPORT:** Escrow Holder is hereby authorized and instructed to debit the seller for the cost of the natural hazard report in an amount not to exceed $125.00 at the close of escrow.

**TERMITE REPORT NOT REQUIRED:** Buyer is accepting the property herein referred to without the requirement of a structural pest control inspection or report.

**ESCROW CANCELLATION FEE:** Buyer and Seller are aware that in the even this escrow is cancelled, Buyer shall pay a cancellation fee from the initial deposit in an amount of $250.00 to Escrow Holder. Said cancellation fee to be deducted from funds on deposit upon written and/or verbal notice of cancellation from all parties.

**HOLD OPEN FEE:** It is agreed that if, for any reason, this escrow is not closed within NINETY (90) days of the established date for closing as shown herein, Escrow Holder may at their option charge a hold-open fee against funds then on deposit in the amount of 50.00 for each month, or fraction thereof, that this escrow remains unclosed.

**CORRECT GRANT DEED:** Escrow Holder is authorized and instructed to correct the vesting over and above signatures of the undersigned on the grant deed without any further written authorization from the parties herein.

**NOTARY/SIGNING FEE:** Any and all notary/signing fees performed and/or incurred in said transaction will be due and payable at the close of escrow per the invoices submitted. All said notary/signing fees will still be paid to the notary/signing agent in the event said escrow should cancel. If such services have been performed all fees will be paid direct to the notary/ signing agent upon cancellation from funds deposited in escrow.

**HOA FEES AND DUES:** Should this property have a Homeowners Association and require upfront fees to obtain HOA Documents /Demands and or Certifications Escrow Holder is hereby authorized and instructed to debit the Buyer's funds on deposit for said fees. At the close of escrow all HOA costs and fees will ultimately be a debit to the appropriate party per the purchase contract. However if said escrow should cancel such fees will be charged to buyer's initial deposit on file and the buyer/seller will receive refund of the initial deposit less any fees or costs occurred to date. Buyer and Seller hereby authorize Escrow Holder to order any such documents in order to close escrow in a timely manner with no further written instructions from any parties.

**HOME WARRANTY PROTECTION PLAN:** Seller to provide a one-year Home Protection Plan for subject property and hereby authorizes Escrow Holder to pay for same at the close of escrow from proceeds due Seller herein in an amount not to exceed $395.00 with company of seller's choice.

**ESCROW EXTENSION:** Seller must approve any extension to the close date and said extension must be requested in writing. Buyer agrees to pay the seller a non refundable per diem penalty if said escrow does not close on or before 3-25-11 due to buyer's failure to perform in the amount of $100.00/per day until said escrow closes.

**SUPPLEMENTAL TAX INFORMATION:** The tax assessor has the right to reassess the subject property after close of escrow and issue a supplemental tax bill to the Buyer, who shall be solely responsible for same. In the event the Seller receives a supplemental tax bill for prior tax year(s) before close of escrow, charge Seller's account. Supplemental tax bills for any tax period prior to close of escrow is the sole responsibility of the Seller. If any such supplemental tax bill has been issued for this current tax year, **it is the Seller's responsibility to forward said bill to the new Buyer, and the Buyer's responsibility for payment of same.** In such event said supplemental bill will be added to the current tax bill and prorated accordingly at close of escrow. TAX BILLS ISSUED AFTER THE CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER.

**IRS 1099 REPORTING DISCLOSURE:** Parties are made aware that we are required by law to report the total "gross" proceeds (total consideration/sales price) on all real estate sales to the IRS at closing. In addition, parties are further made aware that Escrow Holder will also be required by H.R. 638 "Home Sale Tax Fairness Act of 1992" to report to IRS the amount of real estate property taxes apportioned between the parties at close of escrow. Seller is to complete, sign and return the attached certification form to Escrow Holder, (all sellers must sign), and this escrow may not close if this form is not received prior to closing. This is an IRS requirement, and any questions should be directed to the Treasury Department and not Escrow Holder. NOTE: Corporations are automatically exempt from IRS 1099 reporting.

**INSTRUCTIONS NOT TO SUPERSEDE:** These escrow instructions are executed for the sole purpose of enabling the Escrow Holder to complete this transaction, and are not intended to amend, modify, supersede or in any way change that certain agreement entered into by the parties hereto and dated prior to these escrow instructions. **The Settlement Source Escrow**, its officers and/or employees shall not be concerned with said agreement or any matters as contained therein and is responsible only for such matters as are specifically set out above in the instructions.

**MEMORANDA: THE FOLLOWING ARE SHOWN AS A MATTER OF AGREEMENT BETWEEN PARTIES ONLY. ALL PARTIES ARE AWARE AND ACKNOWLEDGE THAT ESCROW HOLDER SHALL HAVE NO RESPONSIBILITY**

ATTACHED HERETO AND MADE A PART HEREOF
*My initials below represent my agreement and acknowledgement of the foregoing*
Page 2

BUYER INITIALS _____    SELLERS INITIAL _____

TSSE 100

The Settlement Source Escrow

Date: February 28, 2011
Escrow No. 2523-MC

WITH REGARD TO THESE ITEMS. ESCROW HOLDER WILL TAKE NO ACTION WITH RESPECT TO THESE ITEMS EITHER BEFORE OR AFTER THE CLOSE OF ESCROW:

**CHANGES DURING ESCROW:** Prior to the close of escrow, Seller agrees not to (1) rent or lease any vacant unit, or other part of the premises, (2) alter, modify or extend any existing lease agreements or (3) enter into, after, modify or extend any service contract(s), without first having obtained Buyer's written approval.

**AGENCY CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:

Listing Agent **W. Ryan Lenocker** is the agent of the Seller.
Selling Agent **Fulton Wright** is the agent of the Buyer.

One or more of the real estate salespersons or principals in this transaction is affiliated with Garia Properties, Standing Rock Realty, C21 Elite Group and CFG Bancorp which is owned by a principal of The Settlement Source Escrow
Some members of HOC Community Redevelopment, LLC are licensed real estate agents and are related to the listing agent.

**SMOKE DETECTOR(S):** State law requires that residences be equipped with an operable smoke detector(s). Local ordinances may have additional requirements. Unless exempt, Seller shall deliver to Buyer a written statement of compliance in accordance with applicable state and local law prior to close of escrow.

**CONDITION OF PROPERTY:** Property is being sold in its current AS-IS condition.

**WALK-THROUGH INSPECTIONS:** Buyer to have a walk-through inspection 3 day(s) prior to close of escrow.

**OCCUPANCY:** Buyer does intend to occupy Property as Buyer's Primary residence.

**FINAL PAYMENT FEE DISCLOSURE:** All effort has been made on the part of the seller and The Settlement Source Escrow to ensure the accuracy and completeness of the information provided at the time of closing. All payments shown and paid by the seller have been furnished by third parties. The seller accepts no responsibility for any future payments or amounts due that were not disclosed at the time of closing.

Seller will not pay any adjustments or balances due after closing and funds have been disbursed. The buyer understands they are responsible for any past, current, and future unpaid fees. All parties agree to hold The Settlement Source Escrow and the Seller harmless from any costs that may occur.

**POSSESSION AND KEYS:** Possession and occupancy to be delivered to Buyer on date of recordation at **the close of escrow.** When possession is available to Buyer, Seller shall provide keys and/or means to operate all property locks, mailbox, security systems/alarms, and association facilities, if/as applicable.

**FLOOD HAZARD DISCLOSURE:** If the Property is situated in a Special Flood Hazard Area designated by the Federal Emergency Management Agency, Seller shall, within 7 calendar days after acceptance of the offer, disclose this fact in writing to Buyer. Flood insurance may be required by lender. Buyer is allowed 10 calendar days from receipt of the disclosure to make further inquiries at appropriate governmental agencies, lenders, insurance agents, or other appropriate entities. Buyer shall provide written notice to Seller of any items disapproved within this latter time period.

**PHYSICAL INSPECTION:** Within 8 calendar days after Seller's acceptance, Buyer shall have the right, at Buyer's expense, to select a licensed contractor(s) or other qualified professional(s) to inspect all units and investigate the property, including but not limited to structural, plumbing, heating, electrical, built-in appliances, roof, soils, foundation, mechanical systems, pool, pool heater, pool filter, air conditioner, if any, possible environmental hazards, such as asbestos, formaldehyde, radon gas and other substance/products. Buyer shall keep the subject property free and clear of any liens, indemnify and hold Seller harmless from all liability, claims, demands, damages or costs, and repair all damages to the property arising from the inspections. All claimed defects concerning the condition of the property that adversely affect the continued use of the property for Buyer's intended use of the property as shall be in writing, supported by written reports, if any, and delivered to Seller within 8 calendar days after Seller's acceptance. Buyer shall furnish Seller copies, at no cost to Seller, of all reports concerning the property obtained by Buyer. When such reports disclose conditions or information unsatisfactory to the Buyer, which the Seller is unwilling or unable to correct, Buyer may cancel this agreement. Seller shall make the premises available for all inspections. BUYER'S FAILURE TO NOTIFY SELLER SHALL CONCLUSIVELY BE CONSIDERED APPROVAL.

**GEOLOGIC/SEISMIC HAZARD DISCLOSURE:** If the Property is situated in a Special Studies Zone (SSZ) or Seismic Hazard Zone (SHZ) designated under Public Resources Code 2621-2625 or 2690-2699.6, or in a locally designated geologic hazard zone(s) or area(s) where disclosure is required by local ordinance, Seller shall, within 7 calendar days after acceptance of the offer, disclose in writing to Buyer this fact(s) and any other information required by law. Construction or development of any structure may be restricted. Disclosure of SSZs and SHZs is required only where the maps, or information contained in the maps, are "reasonably available." Buyer is allowed 10 calendar days after receipt of the disclosure(s) to make further inquiries at appropriate government agencies, lenders, insurance agents, or other appropriate entities concerning use of the Property under local building, zoning, fire, health, and safety codes as may be applicable under the Special Studies Zone Act, Seismic Hazards Mapping Act, and local geologic ordinance(s). Buyer shall provide written notice to Seller of any items disapproved within this latter time period.

**STRUCTURAL MODIFICATIONS:** Within 7 calendar days after Seller's acceptance, Seller shall disclose to Buyer, in writing, any known structural additions or alterations, or the installation, alteration, repair or replacement of significant components of the structure upon the property made with or without necessary permit(s). Buyer is allowed 10 calendar days after receipt of such

ATTACHED HERETO AND MADE A PART HEREOF
*My initials below represent my agreement and acknowledgement of the foregoing*
Page 3

BUYER INITIALS ⟨initials⟩        SELLERS INITIAL ____

disclosure to notify Seller, in writing, of disapproval. When the disclosed conditions or information are unsatisfactory to Buyer which Seller is unwilling or unable to correct, Buyer may cancel this agreement. BUYER'S FAILURE TO NOTIFY SELLER SHALL CONCLUSIVELY BE CONSIDERED APPROVAL.

**RETROFIT:** Compliance with any minimum mandatory government retrofit standards, including proof of compliance, shall be paid for by **buyer if any**.

**ENERGY CONSERVATION RETROFIT:** If local ordinance requires that the property be brought in compliance with minimum energy Conservation Standards as a condition of transfer, **Buyer** shall comply with and pay for these requirements.

**LIQUIDATED DAMAGES CLAUSE:** Buyer and Seller have initialed the "Liquidated Damages" clause contained in the Real Estate Purchase Contract for the subject property.

**ARBITRATION CLAUSE:** Buyer and Seller have initialed the "Arbitration" clause contained in the Real Estate Purchase Contract for the subject property.

**SELLER REPRESENTATION:** Seller warrants that Seller has no knowledge of any notice of violations of City, County, State, Federal, Building, Zoning, Fire, Health Codes or ordinances, or other governmental regulation filed or issued against the property. This warranty shall be effective until date of close of escrow.

*END OF MEMORANDUM ITEMS*

THE FOLLOWING PRORATIONS AND/OR ADJUSTMENTS ARE TO BE MADE AS OF: **CLOSE OF ESCROW**

1. Real Property Taxes based on latest available tax bills.
2. Homeowner's Association Dues based on the statement received from the Homeowner's Association or its representative

WE, JOINTLY AND SEVERALLY, ACKNOWLEDGE RECEIPT OF A COMPLETE COPY OF THE WITHIN ESCROW INSTRUCTIONS AND BY OUR SIGNATURES SET FORTH BELOW, ACKNOWLEDGE THAT WE HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTAINED THEREIN, IN THEIR ENTIRETY.

Buyer's Signature: *Paul E. Preston*
Paul E. Preston

Address: ,

The foregoing terms, provisions, conditions and instructions are hereby approved and accepted in their entirety and concurred with by me. I will hand you necessary documents called for on my part to cause title to be shown as set out herein, which you are authorized to deliver when you hold or have caused to be applied to funds set forth herein within the time as herein provided. You are authorized to pay on my behalf, my recording fees, charges for evidence of title as called for whether or not this escrow is consummated, except those the Buyer agreed to pay. You are hereby authorized to pay bonds, assessments, taxes, and any liens of record, including prepayment penalties, if any, to show title as called for.

You are further instructed to pay documentary transfer tax on deed as required.

You are further authorized and instructed to pay commission as set forth on separate instructions made a part hereof.

**Seller's Signature:**

Maria Tomassini

Address: ,

ATTACHED HERETO AND MADE A PART HEREOF
*My initials below represent my agreement and acknowledgement of the foregoing*
Page 4

BUYERS INITIALS PEP _____ _____ _____      SELLERS INITIALS _____ _____ _____ _____

TSSE 102

The Settlement Source Escrow

Date: February 28, 2011
Escrow No. 2523-MC

## ADDITIONAL ESCROW INSTRUCTIONS AND PROVISIONS

1. The parties to this escrow are made aware that Escrow Holder has no obligation to verify signatures of any of the parties involved.

2. You shall not be responsible for the following: (1) the sufficiency or correctness as to form, manner of execution or validity of any documents deposited in this escrow: (2) the identity, authority, or right of any person executing the same, either as to documents of record or those handled in the escrow: or (3) the failure of any party to comply with any of the provisions of any agreement, contract or other instrument filed or deposited in this escrow or referred in those escrow instructions. Your duties shall be limited to the safekeeping of money and documents received by you as Escrow Holder and for the disposition in compliance with the written instructions accepted by you in this escrow. You shall not be required to take any action regarding the collection, maturity, or apparent outlaw of any obligations deposited with you unless otherwise instructed in writing.

3. Where the assignment of any insurance policy from Seller to Buyer is concerned, Seller guarantees to you any insurance policy handed you in this escrow is policy in force, the policy has not been hypothecated and that all necessary premiums have been paid. You are authorized to execute on behalf of the parties assignments of interest in any insurance policy (other than title insurance policies) called for in this escrow, you are authorized to transmit for assignment any insurance policy to the insurance agent requesting that the insurer consent to such assignment, to request that a loss payee clause or such other endorsements as may be required be issued and to forward such policy to the lenders and entitled parties. You shall not be responsible for verifying the acceptance of the request for assignment and policy of insurance by the insurance company. The parties mutually agree that you will make no attempt to verify the receipt of the request for assignment by the issuing insurance company. All parties are placed on notice that if the insurance company should fail to receive the assignment, the issuing company may deny coverage for any loss suffered by Buyer. IT IS THE OBLIGATION OF THE INSURED OR THE INSURED'S REPRESENTATIVE TO VERIFY THE ISSUING COMPANY'S ACCEPTANCE OF THE ASSIGNMENT OF THE POLICY.

4. You are not to be held responsible in any way whatsoever for any personal property tax which may be assessed against any former or present owner of the subject property described in these escrow instructions, nor for the corporation or license tax of any corporation as a former or present owner.

5. If it is necessary, proper or convenient for the consummation of this escrow, you are authorized to deposit or have deposited funds or documents, or both, handed you under these escrow instructions with any duly authorized sub-escrow agent, including, but not limited to, any bank, trust company, title insurance company, title company, savings and loan association, or licensed escrow agent, subject to your order at or before close of escrow in connection with closing this escrow. Any such deposit shall be deemed a deposit under the meaning of these escrow instructions.

6. The parties to this escrow have satisfied themselves outside of escrow that the transaction covered by this escrow is not in violation of the Subdivision Map Act or any law regulation land division, zoning ordinances or building restrictions which may affect the land or improvements that are the subject of this escrow. You, as escrow holder, are relieved of all responsibility and liability in connection with such laws, ordinances, restrictions or regulations and are not to be concerned with any of their enforcement.

7. If any form of Purchase Agreement of amendment or supplement (collectively "Purchase Agreement") is deposited in this escrow, it is understood that such document shall be effective only as between the parties signing the Purchase Agreement. You, as Escrow Holder, are not to be concerned with the terms of any Purchase Agreement and are relieved of all responsibility for the enforcement of its terms. Your only duty is to comply with the instructions set forth in the escrow instructions. You are not responsible for interpreting or acting on any provision of any Purchase Agreement on which these escrow instructions may be based and you shall not rely on any knowledge or understanding you may have of any such Purchase Agreement in ascertaining or performing your duties as Escrow Holder. In connection with any loan transaction, you are authorized to deliver a copy of any Purchase Agreement, supplement or amendment and a copy of all escrow instructions, supplements or amendments to the lender.

8. You shall make no physical inspection of the real property or personal property described in any instruments deposited in, or which is the subject of this escrow. You have made no representations or warranties concerning any such real property or personal property and are not to be concerned with nor liable for the condition of real property or personal property.

9. The parties authorize the recordation of any instrument delivered through this escrow if necessary or proper for the issuance of the required policy of title insurance or for the closing of this escrow. Funds, instructions or instruments received in this escrow may be delivered to, or deposited with any title insurance company or title company to comply with the terms and conditions of this escrow.

10. You are to use your usual document forms or the usual forms of any title insurance company or title company and in our instructions insert dates and terms on the instruments if incomplete when executed.

11. If the date by which Buyer's or Seller's performances are due shall be other than your regular business day, such performances shall be due on your next succeeding business day.

12. You shall conduct no lien or title search of personal property regarding the sale or transfer of any personal property through this escrow. Should the parties desire that you conduct a lien or title search of personal property, the parties requesting the same shall deliver separate and specific written escrow instructions to you along with an agreement to pay your additional escrow fees.

13. You shall not be responsible in any way whatsoever nor are you to be concerned with any question of usury in any loan or encumbrance, whether new or of record, which may arise during the processing of this escrow.

ATTACHED HERETO AND MADE A PART HEREOF
*My initials below represent my agreement and acknowledgement of the foregoing*
Page 5

BUYER INITIALS _(initialed)_   SELLER INITIALS _____

TSSE 103

The Settlement Source Escrow

Date: February 28, 2011
Escrow No. 2523-MC

14. The parties agree to deliver to you all documents, instruments, escrow instructions and funds required to process and close this escrow in accordance with its terms.

15. You are instructed to provide title to the subject real property in the condition identified in the escrow instructions by the parties. You are not responsible for the contents or accuracy of any beneficiary demands and/or beneficiary statements delivered to you by the existing lienholders. You are not required to submit any such beneficiary statements and/or demand to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the parties desire to pre-approve any such beneficiary statement and/or demand, the parties requesting the same shall deliver separate and specific written escrow instructions to you.

16. You are not to be responsible in any way whatsoever nor to be concerned with the terms of any new loan or the content of any loan documents obtained by any party in connection with this escrow except to order such loan documents into the escrow file, transmit the loan documents to Buyer for execution and transmit the executed loan documents to lender. The parties understand and agree that you are not involved nor concerned with the approval and/or processing of any loan or the contents and effect of loan documents prepared by a lender.

17. The parties expressly indemnify and hold you harmless against third-party claims for any fees, costs or expenses where you have acted in good faith, with reasonable care and prudence and/or in compliance with these escrow instructions. You are not required to submit any such beneficiary statement and/or beneficiary demand to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the party(ies) desire to pre-approve any such beneficiary statement and/or beneficiary demand, the party(ies) requesting the same shall deliver separate and specific written escrow instructions to you.

18. The Federal Tax Reform Act of 1986, as amended, and the California Revenue & Taxation Code, require certain transactions to be reported to the Internal Revenue Service and the California State Franchise Tax Board. In those transactions Seller will furnish a correct tax identification number to you so you can report this transaction as required by law. Seller understands that Seller may be subject to civil or criminal penalties for failure to do so.

19. The parties agree that you have the responsibilities of an Escrow Holder only and there are no other legal relationships established in the terms and conditions of the escrow instructions. In connection with this escrow: (1) You shall have no duty or responsibility of notifying any of the parties to this escrow of any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property; (2) You shall have no responsibility or duty to disclose any benefit, including, but not limited to financial gain, realized by any person, firm or corporation involving any of the subject real property or personal property; and (3) You shall have no responsibility or duty to disclose any profit realized by any person, firm or corporation including, but not limited to, any real estate broker, real estate sales agent and/or a party to any other escrow, in connection therewith, although such other transaction may be handled by you in this escrow or in another escrow transaction. If, however, you are instructed in writing by any party, Lender or other entitled person to disclose any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property or any profit realized by any person, firm or corporation to any party to this escrow, you shall do so without incurring any liability to any party. You shall not be liable for any of your acts or omissions done in good faith nor for any claims, demands, losses or damages made or suffered by any party to this escrow, excepting such as may arise through or be caused by your willful neglect or gross misconduct.

20. Buyer acknowledges that pursuant to the California Revenue & Taxation Code a Change of Ownership form is required by the county recorder to be completed and affixed to any documents submitted for recording which evidence a conveyance of title. The Change of Ownership form shall be furnished to Buyer by you for Buyer's completion and execution. Buyer is aware that if Buyer does not complete the form in full, sign and return it to you before closing, a penalty will be assessed by the county recorder. If the Change of Ownership form is not filed after the close of escrow within the time limits set forth by the county recorder, severe additional penalties will be assessed against the Buyer.

**For information and assistance in completing the Change of Ownership form, Buyer may contact the County Recorder and Assessors offices in the county in which the subject property is located.**

21. The parties shall cooperate with you in carrying out the escrow instructions they deposit with you and completing this escrow. The parties shall deposit into escrow, upon request, any additional funds, instruments, documents, instructions, authorizations, or other items that are necessary to enable you to comply with demands made on you by third parties, to secure policies of title insurance, or to otherwise carry out the terms of their instructions and close this escrow. If conflicting demands or notices are made or served upon you or any controversy arises between the parties or with any third person arising out of or relating to this escrow, you shall have the absolute right to withhold and stop all further proceedings in, and in performance of, this escrow until you receive written notification satisfactory to you of the settlement of the controversy by written agreement of the parties, or by the final order or judgment of a court of competent jurisdiction.

All of the parties to this escrow, jointly and severally, promise to pay promptly on demand, as well as to indemnify you and to hold you harmless from and against all administrative governmental investigations, audit and legal fees, litigation and interpleader costs, damages, judgments, attorneys' fees, arbitration costs and fees, expenses, obligations and liabilities of every kind (collectively "costs") which in good faith you may incur or suffer in connection with or arising out of this escrow, whether said costs arise during the performance of or subsequent to this escrow, directly or indirectly, and whether at trial, or on appeal, in administrative action, or in an arbitration. You are given a lien upon all the rights, titles and interests of all the parties and all escrow papers and other property and monies deposited into this escrow to protect your rights and to indemnify and reimburse you. If the parties do not pay any fees, costs or expenses due you under the escrow instructions or do not pay for costs and attorneys' fees incurred in any litigation, administrative action and/or arbitration, on demand, they each agree to pay a reasonable fee for any attorney services which may be required to collect such fees or expenses, whether attorneys' fees are incurred before trial, at trial, on appeal or in arbitration.

**ATTACHED HERETO AND MADE A PART HEREOF**
*My initials below represent my agreement and acknowledgement of the foregoing*
Page 6

BUYER INITIALS _DEP_                    SELLER INITIALS _____

TSSE 104

The Settlement Source Escrow

Date: February 28, 2011
Escrow No. 2523-MC

22. ALL NOTICES, DEMANDS AND INSTRUCTIONS MUST BE IN WRITING. No notice, demand, instruction, amendment, supplement or modification of these escrow instructions shall be of any effect in this escrow until delivered in writing to you and mutually executed by all parties.

Any purported oral instruction, amendment, supplement, modification, notice or demand deposited with you by the parties or either of them shall be ineffective and invalid. You are to be concerned only with the directives expressly set forth in the escrow instructions, supplements and amendments thereto, and are not to be concerned with nor liable for items designated as "memorandum items" in the escrow instructions. These escrow instructions may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. All such counterparts together shall constitute the same document.

The parties acknowledge and understand that you, as Escrow Holder, are not authorized to practice the law nor do you give financial advice. The parties are advised to seek legal and financial counsel and advice concerning the effect of these escrow instructions. The parties acknowledge that no representations are made by you about the legal sufficiency, legal consequences, financial effects or tax consequences of the within escrow transaction.

23. Notwithstanding any other provisions in these escrow instructions and in addition to other fees and costs to which you may be entitled, the parties, jointly and severally, agree that if this escrow is not consummated within ninety (90) days of the date set for closing, you are instructed to, and without further instructions, withhold your escrow hold open fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds. The parties, jointly and severally, further agree that if you are, for any reason, required to hold funds after close of escrow, you are instructed to, and without further instructions, withhold an escrow fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds. The parties irrevocably instruct you to automatically cancel this file without further instructions when all funds on deposit have been disbursed.

24. Your Escrow Holder agency shall terminate six (6) months following the date last set for close of escrow and shall be subject to earlier termination by receipt by you of mutually executed cancellation instructions. If this escrow was not closed or cancelled within the described six (6) month period, you shall have no further obligations as Escrow Holder except to disburse funds and documents pursuant to written escrow instructions and to interplead or otherwise dispose of funds and documents in accordance with a validly issued and validly served order from a court of competent jurisdiction. If the conditions of this escrow have not been complied with at the expiration date in these escrow instructions, you are instructed to complete the conditions at the earliest possible date, unless Buyer or Seller have made written demand upon you for the return of the funds and/or instruments deposited by Buyer or Seller and/or for cancellation of this escrow.

Should demands be made upon you, you may withhold and stop all further proceedings in this escrow without liability for interest on funds held or for damages until mutual cancellation instructions signed by all parties shall have been deposited with you. The parties, jointly and severally, agree that if this escrow cancels or is otherwise terminated and not closed, the parties shall pay for any costs and expenses which you have incurred or have become obligated for under these escrow instructions, including, but not limited to, attorneys' fees, arbitration fees and costs and reasonable escrow fees for the services rendered by you, the parties agree that such costs and expenses shall be paid and deposited in escrow before any cancellation or other termination of this escrow is effective. The parties agree that said charges for expenses, costs and fees may be apportioned between Buyer and Seller in a manner which, in your sole discretion, you consider equitable, and that your decision will be binding and conclusive upon the parties. Upon receipt of mutual cancellation instructions or a final order or judgment of a court of competent jurisdiction with accompanying writs of execution, levies or garnishments, you are instructed to disburse the escrow funds and instruments in accordance with such cancellation instruction, order or judgment and accompanying writ and this escrow shall, without further notice be considered terminated and cancelled.

25. If any check submitted to you is dishonored upon presentment for payment, you are authorized to notify all parties to the within escrow, their respective real estate brokers and real estate agents and any other person or entity you deem in you sole discretion necessary to notify.

26. The parties agree to release you from any and all liability of any kind or nature and to indemnify you from any loss, damages, claims, judgments or costs of any kind or nature resulting from or related to the release or discharge of hazardous or toxic wastes on the subject property whether it occurred in the past or present or may occur in the future which release or discharge is in violation of law, in excess of any state and federal standards, permit requirements and/or disclosure requirements existing at this time or which may exist at a future time. The parties represent that they made their own assessment of the condition of the subject property and have not relied on any of your representations in making the assessment. The parties are advised to seek independent legal and technical environmental expert advice in assessing the risks associated with potential hazardous or toxic wastes.

27. In these escrow instructions, wherever the context so requires, the masculine gender includes the feminine and/or neuter and the singular number includes the plural.

28. You are authorized to destroy or otherwise dispose of any and all documents, papers escrow instructions, correspondence and records or other material constituting or pertaining to this escrow at any time after five (5) years from the date of: (1) the close of escrow: (2) the date of cancellation: or (3) the date of the last activity without liability and without further notice to the parties.

Buyer's Signature:

*Paul E. Preston* (signature)
Paul E. Preston

Seller's Signature:

_____
Maria Tomassini

| | | | |
|---|---|---|---|
| **THE SETTLEMENT SOURCE ESCROW** (TRUST ACCOUNT) 2401 E. KATELLA AVE., SUITE 600A ANAHEIM, CA 92806 714-919-8565 | CITY NATIONAL BANK / TREASURY SERVICES LOS ANGELES, CA 90071 16-1600/1220 | | **022905** |
| | ESCROW NO. 2523-MC | DATE 3/31/2011 | |
| | | | AMOUNT $360.00 |

PAY THREE HUNDRED SIXTY AND NO/100 DOLLARS

TO THE ORDER OF
Fidelity National Home Warranty
P.O. Box 8127
Walnut Creek, CA 94596

VOID AFTER 180 DAYS

Ref:

⑈022905⑈  ⑆122016066⑆  013⑈627711⑈

---

THE SETTLEMENT SOURCE ESCROW, TRUST ACCOUNT, 2401 E. KATELLA AVE., SUITE 600A, ANAHEIM, CA 92806   Check No. 022905

| Date: 3/31/2011 | Escrow No. 2523-MC | (MC) | Closed: 3/31/2011 | Check Amount $360.00 |
|---|---|---|---|---|
| Payee: | Fidelity National Home Warranty P.O. Box 8127 Walnut Creek, CA 94596 | | | |
| Seller: | Maria Tomassini | | Home Owner's Warranty | |
| Buyer: | Paul E. Preston | | Property: | 13640 Lakota Rd, Apple Valley, CA 92307 |
| Ref: Memo 1: Memo 2: Detail: | Home Owner's Warranty | 360.00 | | |

We Appreciate Your Business!

---

THE SETTLEMENT SOURCE ESCROW, TRUST ACCOUNT, 2401 E. KATELLA AVE., SUITE 600A, ANAHEIM, CA 92806   Check No. 022905

| Date: 3/31/2011 | Escrow No. 2523-MC | (MC) | Closed: 3/31/2011 | Check Amount $360.00 |
|---|---|---|---|---|
| Payee: | Fidelity National Home Warranty P.O. Box 8127 Walnut Creek, CA 94596 | | | |
| Seller: | Maria Tomassini | | Home Owner's Warranty | |
| Buyer: | Paul E. Preston | | Property: | 13640 Lakota Rd, Apple Valley, CA 92307 |
| Ref: Memo 1: Memo 2: Detail: | Home Owner's Warranty | 360.00 | | |

FILE COPY

TSSE 13