Michael J. Gleason SBN 279434
mgleason@hahnlaw.com
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
sagoldfarb@hahnlaw.com
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

[Additional counsel listed on signature page]

Attorneys for Defendants Fidelity National Financial, Inc.; Fidelity National Home Warranty Company; Fidelity National Title Insurance Company; Lawyers Title Company; Chicago Title Company; Commonwealth Land Title Company; and Ticor Title Company of California

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| PAUL PRESTON, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al.*,<br>        Defendants. | Case No. CV11-09746 DSF (AGRx)<br><br>JUDGE DALE S. FISCHER<br><br>**DEFENDANTS' MOTION TO TAX COSTS UNDER 28 U.S.C. § 1919**<br><br>**[SUBMITTED WITH BILL OF COSTS]**<br><br>**Hearing Date: September 10, 2012**<br>**Hearing Time: 1:30 p.m.** |

## INTRODUCTION

On June 22, 2012, after Plaintiff had waged seven months of protracted litigation, the Court ruled that Defendants were entitled to judgment as a matter of law and dismissed Plaintiff's claims for lack of subject-matter jurisdiction. [Doc. Nos. 78, 80.] The Court also held that Defendants were entitled to recover "just costs" under 28 U.S.C. § 1919. [Doc. No. 80.]

The determination of "just costs" depends on "what is fair and equitable under the totality of the circumstances[.]" *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1160 (9th Cir. 2012). Here, the critical facts—that Plaintiff paid nothing for the home-warranty contract at issue and had no business dealings with six of seven Defendants—were never in dispute. Plaintiff knew those facts all along, but pressed forward with flawed jurisdictional arguments nonetheless. Given his culpability in creating unnecessary expenses and his reliance on weak jurisdiction grounds, awarding Defendants their just costs comports with basic notions of fairness and equity. Accordingly, the Court should award Defendants those costs in full.

## BACKGROUND

Plaintiff aggressively litigated this case for seven months, forcing Defendants to incur substantial costs. On November 23, 2011, he filed his class-action complaint against all seven Defendants. It was clear from the outset that the only entity with whom Plaintiff claimed to have had business dealings was Fidelity National Home Warranty Company ("FNHW").

Despite the obvious shortcomings in his complaint, Plaintiff sought voluminous discovery from all Defendants. During discovery, Defendants were forced to incur costs for depositions, subpoenas, copying, and filing motions. [*See* Defendants' Bill of Costs (filed simultaneously with this motion).] Finally, Defendants had to move this Court for a stay of discovery so as to avoid incurring

DEFENDANTS' MOTION TO TAX JUST COSTS
1

4774461

further expense in responding to Plaintiff's baseless litigation.  [Doc. No. 62.]  The Court granted that motion.  [Doc. No. 73.]

On April 20, 2012, Defendant FNHW moved for summary judgment on grounds that the Plaintiff lacked standing, and the other Defendants moved for judgment on the pleadings on the grounds that Plaintiff failed to allege that he purchased settlement services from them.  [Doc. Nos. 57, 58.]

On June 19, 2012, the Court granted summary judgment as to all Defendants and denied as moot the motion for judgment on the pleadings.  [Doc. No. 78.]  The ensuing judgment provided that Defendants were entitled to "recover 'just costs' under 28 U.S.C. § 1919."  [Doc. No. 80.]

## LAW AND ARGUMENT

A Court's ruling under 28 U.S.C. § 1919 involves a "two step analysis": "whether an award of costs is just and equitable and, if so, the appropriate amount of costs."  *Otay*, 672 F.3d at 1157.  The "driving motivation" behind the statute is to "balance the need to deter improper or wrongful invocations of federal jurisdiction against the importance of providing a federal forum for actions that fulfill the statutory criteria for jurisdiction."  *Id*. at 1158.

### I. AWARDING DEFENDANTS THEIR COSTS IS JUST AND EQUITABLE.

Considerations that may bear on the justness of awarding a defendant its costs include the Court's discretion, "culpable behavior" by the plaintiff, and "the strength of the plaintiff's jurisdictional claim[.]"  *Id*. at 1157-58.

As to the first factor, this Court has already determined that Defendants are entitled to "just costs[.]"  [Doc. No. 80.]  The Court had "discretion to completely deny Defendants' costs under § 1919[,]" but chose not to do so.  *See Otay*, No. 03-2488, 2012 WL 1899799, at *2-3 (S.D. Cal. May 24, 2012) (reaffirming award of costs after remand from Ninth Circuit and noting that court "did consider the

circumstances and equities of this particular case and was aware of the range of its discretion under § 1919"). The Court did not merely "presume Defendants were entitled to their costs simply because they were prevailing parties." *Id.*

The second factor, the existence of culpable conduct, weighs against Plaintiff. A cursory pre-filing investigation would have revealed that he did not purchase the home-warranty contract and, thus, did not have standing to sue FNHW, let alone six other companies with which he had no business dealings.

Indeed, as the Court recognized, Plaintiff's HUD-1 settlement statement, which he has in his possession, show that the seller—not Preston—paid for the home-warranty contract. [Doc. No. 78 at 2.] Yet Plaintiff ignored that and, instead, propounded burdensome and far-reaching discovery demands on all Defendants including two sets of interrogatories, deposition notices, requests for admissions, requests for production of documents, and subpoenas.

Even after being presented with uncontroverted evidence that he did not pay for the home-warranty contract, Plaintiff brazenly maintained that he had standing based on a nonsensical "economic reality" argument and bold assertions of "fact" that contradicted the documentary evidence. [Doc. No. 70, at 9-10; *see also* Doc. No. 75 at 2.]

Indeed, the Court admonished Plaintiff for trying to create issues of fact where none existed. In his briefs, Plaintiff repeatedly tried to "avoid admitting an undisputed fact by avoiding the issue." [Doc. No. 78 at 1-2, nn. 1-4.] That culpable conduct weighs in favor of awarding Defendants their costs.

Likewise, the third factor—strength of Plaintiff's jurisdictional claim—weighs heavily against Plaintiff. The Court never had jurisdiction over Plaintiff's claim because he has lacked standing since the outset of this litigation. As in *Otay II*, "[t]his was not a case where Plaintiffs can claim jurisdiction was lost through happenstance or that jurisdiction existed at the outset, but was lost along the way

due to events out of Plaintiffs' control." 2012 WL 1899799, at *3. Rather, "[t]he failure to correctly assess" his standing "and thus, the federal court's lack of jurisdiction—was entirely of the Plaintiffs' own doing." *Id.* at *10. So, "[a]warding Defendants all of their costs in this case furthers the Congressional objective of deterring other plaintiffs from improperly and prematurely invoking federal jurisdiction." *Id*.

In light of these factors, awarding Defendants their costs would be just and equitable.[1]

## II. DEFENDANTS' JUST COSTS INCLUDE EXPENSES FOR FILING FEES, DEPOSITIONS, SUBPOENAS, COPYING, AND SCANNING.

Courts interpreting "just costs" use 28 U.S.C. § 1920 as a guideline for determining which costs to award. *Otay,* 672 F.3d at 1160; *see also Callicrate v. Farmland Indus.*, 139 F.3d 1336 (10th Cir. 1998) ("We must keep in mind the fact that in the instant case we are dealing with what are 'just costs' under 28 U.S.C. § 1919, and not with costs allowed under § 1920 or Fed. R. Civ. P. 54(d). Nevertheless the standards applied under § 1920 are helpful, we feel.").

Defendants seek fees for filing, serving subpoenas, deposition transcripts, court reporters, copying, and document production—all of which are enumerated as taxable costs in section 1920. First, section 1920 allows for "fees of the clerk and marshal." Defendants incurred various filing fees in this case. [*See* Bill of Costs and Exhibits.] By the plain language of section 1920(1), these costs are taxable.

Second, section 1920(2) permits taxing "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See Callicrate*, 139 F.3d at 1339 ("The costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under

---

[1] The other factor mentioned in *Otay*, "the significance of pending parallel litigation in state court[,]" 672 F.3d at 1159, does not apply here.

DEFENDANTS' MOTION TO TAX JUST COSTS
4

4774461

28 U.S.C. § 1920."). The deposition costs Defendants seek meet this criteria. Defendants obtained the depositions of Michelle Carr, Plaintiff's escrow agent, and Fulton Wright, Plaintiff's real estate agent, in order to confirm that the seller, not Plaintiff, paid for the home-warranty contract. The costs of taking those depositions include costs for court reporting and obtaining transcripts. Defendants are also entitled to the costs incurred in obtaining a certified copy of Ryan Lenocker's deposition transcript. [*See* Bill of Costs and Exhibits.] All of these costs are clearly taxable to Plaintiff under section 1920.

Closely related are subpoena costs, which are also recoverable as "just costs." *See Castillo Grand LLC v. Sheraton Operating Corp.*, No. 09 Civ. 7197, 2011 WL 1793352, at *2 (S.D.N.Y. May 6, 2011) ("Just costs include deposition and subpoena-related costs among other 'reasonable expenses incurred in litigating the jurisdiction question.'"). Here, in addition to taking depositions, Defendants served subpoenas *duces tecum* on ING Direct (Plaintiff's lender), Maria Tomassini (the seller), The Settlement Source Escrow (the company handling Plaintiff's escrow), and Victor Valley Property Center (the office of Plaintiff's real estate agent). The costs of subpoenaing these people and entities were necessarily incurred, as the information gleaned from the documents obtained confirmed that Preston did not, in fact, pay for the home-warranty contract. The costs associated with serving these subpoenas are thus recoverable as just costs and should be taxed to Defendants.

Third, section 1920(4) permits taxing "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The copying costs Defendants seek are necessarily obtained. These include costs of duplicating, scanning, and preserving documents that were at issue in Plaintiff's voluminous discovery requests. [*See* Bill of Costs and Exhibits.]

## CONCLUSION

For these reasons, the Court should award Defendants their just costs as detailed in their Bill of Costs and as permitted by 28 U.S.C. § 1919.

| | | |
|---|---|---|
| 1 | Date: August 1, 2012 | /s/ Michael J. Gleason |
| 2 | | Michael J. Gleason SBN 279434 |
| | | mgleason@hahnlaw.com |
| 3 | | HAHN LOESER & PARKS, LLP |
| | | One America Plaza |
| 4 | | 600 West Broadway, Suite 1500 |
| 5 | | San Diego, California 92101 |
| | | Telephone: 216.810.4300 |
| 6 | | Facsimile: 619.810.4301 |

Steven A. Goldfarb (admitted *pro hac vice*)
sagoldfarb@hahnlaw.com
Derek E. Diaz (admitted *pro hac vice*)
ddiaz@hahnlaw.com
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Mark E. Schiffman, SBN 62654
Mark.Schiffman@fnf.com
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

James A. Moss, SBN 84441
James.Moss@fnf.com
FIDELITY NATIONAL LAW GROUP
915 Wilshire Boulevard, Suite 2100
Los Angeles, California 90017
Telephone: (213)438-4418
Facsimile: (213) 438-4417

Attorneys for Defendants
Fidelity National Financial, Inc.; Fidelity National Home Warranty Co.; Fidelity National Title Insurance Co.; Lawyers Title Co.; Commonwealth Land Title Co.; Ticor Company of California; and Chicago Title Co.

DEFENDANTS' MOTION TO TAX JUST COSTS

7

4774461

# CERTIFICATE OF SERVICE

I certify that on August 1, 2012, a copy of the foregoing were served on the following counsel of record via the Court's CM/ECF filing system:

Edward D. Chapin, Esq.
Francis A. Bottini, Esq.
Jill M. Sullivan, Esq.
Jennifer M. Chapman, Esq.
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: 619.241.4810
Facsimile: 619.955.5318

Blair A. Nicholas, Esq.
Benjamin Galdston, Esq.
David Kaplan, Esq.
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323

Attorneys for Preston and the Putative Classes

Date: August 1, 2012            */s/ Michael J. Gleason*
                                Michael J. Gleason,
                                Attorney for Defendants