CHAPIN FITZGERALD & BOTTINI LLP
EDWARD D. CHAPIN (Bar No. 053287)
(echapin@cfblawfirm.com)
FRANCIS A. BOTTINI (Bar No. 175783)
(fbottini@cfblawfirm.com)
KEITH M. COCHRAN (Bar No. 254346)
(kcochran@cfblawfirm.com)
550 West "C" Street, Suite 2000
San Diego, CA 92101
Tel:   (619) 241-4810
Fax:  (619) 955-5318

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
BENJAMIN GALDSTON (Bar No. 211114)
(beng@blbglaw.com)
DAVID KAPLAN (Bar No. 230144)
(davidk@blbglaw.com)
LAURENCE REZA WRATHALL (Bar No. 279770)
(laurence.wrathall@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PRESTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware Corporation, *et al.*,<br><br>Defendants. | Case No. CV 11-09746 DSF (AGRx)<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO TAX COSTS UNDER 28 U.S.C. § 1919**<br><br>Hearing Date:   September 10, 2012<br>Hearing Time:  1:30 p.m.<br>Courtroom:       840<br>Judge:                Hon. Dale S. Fischer |

## I.  INTRODUCTION

Defendants' Motion To Tax Costs should be denied for at least two reasons:

***First***, Defendants' Motion is untimely.  Judgment was entered on June 22, 2012.  [ECF No. 80].  Accordingly, the deadline for Defendants to move for costs was July 9, 2012.  *See* Local Civil Rule 54.3.  However, Defendants' Motion was not filed until August 1, 2012 – ***nearly one month after the deadline expired***.  Accordingly, Defendants' untimely motion must be denied for this reason alone.  *See Holmes v. Merck & Co.*, 2008 WL 4791042 (D. Nev. Oct. 29, 2008) (denying without considering motion to tax costs as untimely).

***Second***, Defendants' motion lacks any merit.  A prevailing party is entitled to seek reimbursement only for those costs necessary to dispose of the matter.  *Plata v. Darbun Enters., Inc.*, 2010 WL 3184298 (S.D. Cal. Aug. 11, 2010).  Here, ***none*** of the costs Defendants seek were necessary to resolve the dispositive issue in this action – *i.e.*, whether the Court had subject matter jurisdiction.  Importantly, this Court never reached the merits of Plaintiff Paul Preston's claims.  Rather, the Court dismissed the action for lack of subject-matter jurisdiction.  Defendants were provided with a copy of Mr. Preston's HUD-1 Settlement Statement, which showed that the seller in Mr. Preston's real estate transaction paid for his home warranty policy from Defendants.  Any costs incurred beyond obtaining this HUD-1 Settlement Statement were unnecessary to the issue of whether this Court had subject matter jurisdiction.

Additionally, Defendants' application seeks reimbursements for certain costs that are not even permitted under the Local Rules.  Specifically, Defendants are prohibited from recovering costs for rough drafts of deposition transcripts (L.R. 54-4.6(a)), the costs of videotaped depositions (L.R. 54-4.6(a)), and data imaging for discovery (L.R. 54-4.11).  Here, Defendants improperly seek $7,391 for items that they are ***not*** allowed to recover under the Local Rules.

For these reasons and as discussed more fully below, the Court should **decline to award any costs** under 28 U.S.C. § 1919. *Molski v. Levon Invs., LLC*, 231 Fed. Appx. 685 (9th Cir. 2007) (affirming district court's refusal to award costs under 28 U.S.C. § 1919).

## II.   BACKGROUND

Plaintiff Paul Preston filed this action against Defendants for violating federal and state law by paying commissions and kickbacks to real estate agents in exchange for the agents' referral of Defendants' real estate settlement services. Specifically, Defendants violated the Real Estate Settlement Procedures Act (12 U.S.C. § 2601) ("RESPA") and California Insurance Code § 12760. Mr. Preston alleged that Defendants engaged in the illegal kickback scheme for years until July 2011 when the United States Department of Housing and Urban Development announced a settlement agreement which forced Defendant Fidelity National Financial, Inc. to pay $4.5 million in fines for the illegal kickbacks.

Defendants never disputed that they paid the fine or denied that they paid illegal kickbacks. Instead, Defendants challenged Mr. Preston's standing. The Court dismissed this action for lack of subject matter jurisdiction – not because of the merits of Mr. Preston's claim, but because the seller in Mr. Preston's real estate transaction paid for Mr. Preston's home warranty plan during the escrow process. Nevertheless, since Mr. Preston funded all the money that was paid into escrow, he had a strong basis to assert a RESPA claim.

## III.   LEGAL STANDARD

In determining "just costs" under 28 U.S.C. § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances. An emphasis on a "case-by-case approach" based on "the circumstances and equities of each case" is in keeping with a court's discretion to award costs, "a practice long recognized in equity." 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2668, at

230-31 (3d ed.1998) (discussing discretionary nature of Rule 54(d)); *see also Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 179 F.R.D. 328, 334 (N.D. Ala. 1998) (the "broad discretion" allowed to trial courts in awarding costs "encourages this court to exercise its discretion as to what are 'just costs' under the totality of circumstances"). Although "just costs" is a unitary standard, it involves a two-step analysis—whether an award of costs is just and equitable and, if so, the appropriate amount of costs. *Otay Land Co. v. United Enters.*, 672 F.3d 1152, 1157 (9th Cir. 2012).

## IV.   ARGUMENT

### A.   Defendants Are Not Entitled To Costs Because Their Motion Is Untimely Under Local Rule 54-3

Defendants' request for costs is untimely because the deadline to file a motion for costs expired. Under Civil Local Rule 54-3, Defendants had 15 days after entry of judgment to electronically file a Notice of Application to the Clerk to Tax Costs. Judgment was entered on June 22, 2012 and therefore, the deadline to move for costs passed on July 9, 2012. Since Defendants filed the Motion To Tax Costs nearly a month later on August 1, 2012, the request is untimely. *Holmes v. Merck & Co.*, 2008 WL 4791042 (D. Nev. Oct. 29, 2008) (holding defendant was not entitled to recover costs because the Bill of Costs was untimely pursuant to Local Rule 54-1); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929-32 (9th Cir. 1994) (reversing district court for allowing a post-judgment motion for attorney fees that was untimely). The Court should end its inquiry here and deny Defendants' motion solely on this basis since Defendants cannot avail themselves of any excusable neglect.[1]

---

[1] Defendants' failure to comply with the Local Rules is not an isolated event. Defendants previously filed a Motion to Stay the case as a disguised motion for protective order. Because the motion failed to comply with this Court's Standing

**B.** **Defendants Are Not Entitled To Costs Because The Requested Costs Would Neither Be Just Nor Necessary To Determine Whether This Court Had Subject Matter Jurisdiction**

    **1.** **Defendants' Costs Were Unnecessary Because Defendants Already Had A Copy of Mr. Preston's HUD-1 Settlement Statement**

Even if Defendants' motion was timely (which it is not), the Court should still deny the motion because none of the costs Defendants incurred were necessary to determine whether the Court had subject matter jurisdiction. Costs related to the merits of the case are not recoverable; only costs incurred in order to determine whether subject matter jurisdiction was lacking are recoverable. *Plata*, 2010 WL 3184298, at *5. In *Plata*, the defendant moved for $37,339.54 in costs under 28 U.S.C. § 1919 after the court dismissed the case for lack of subject matter jurisdiction. The *Plata* court found that awarding costs to defendant was appropriate because "Plaintiff's counsel's actions support a finding of recklessness and knowing conduct." *Id.* at *4. Nevertheless, the *Plata* court awarded defendant only $416.74 because the $37,339.54 in requested costs were not necessary to determine whether subject matter jurisdiction was lacking. *Id.* at *5.

Here, the Court did not make any findings on the merits of Mr. Preston's claims nor the conduct of Mr. Preston's counsel. Rather, this Court dismissed the action, ruling the Court lacked subject-matter jurisdiction. In dismissing this action, this Court relied on Mr. Preston's HUD-1 Settlement Statement, which showed that the seller in Mr. Preston's real estate transaction paid for his home warranty policy from Defendants.

Defendants are not entitled to costs because they received a copy of Mr. Preston's HUD-1 Settlement Statement early in the litigation.[2] As this Court

---

Order, the General Order, and the Local Rules, the Clerk struck the document from the docket. *See* ECF No. 55.

[2] Notably, Defendants did not itemize any costs incurred for obtaining the HUD-1 Settlement Statement.

acknowledged in granting Defendants' Motion for Summary Judgment, the HUD-1 Settlement Statement reflects that the seller paid for the home warranty contract. *See* ECF No. 78. "Because Plaintiff fails to raise a genuine dispute that he paid for the home warranty contract, there is no genuine dispute that he lacks standing." *See* ECF No. 78. Thus, as in *Plata,* any costs Defendants incurred beyond obtaining this HUD-1 settlement statement were unnecessary to a determination of whether this Court had subject matter jurisdiction.

Nevertheless, Defendants seek deposition and subpoena costs related to the depositions of Michelle Carr (Mr. Preston's escrow agent), Fulton Wright (Mr. Preston's real estate agent), Ryan Lenocker (the seller's real estate agent), ING Direct (Mr. Preston's lender), Maria Tommassini (the seller), The Settlement Source Escrow (the escrow company), and Victor Valley Property Center (the office of Mr. Preston's real estate agent). But these depositions were unnecessary because Defendants already had Mr. Preston's HUD-1 Settlement Statement which showed that the seller of the home, rather than Mr. Preston, paid for the home warranty contract. Instead, these depositions were related to the merits of the case. Accordingly, Defendants should not recover any of their costs. *Lukevich v. Station Casinos*, 2009 WL 4338224 (D. Nev. Nov. 24, 2000) (denying defendant's motion to recover costs because costs were not related to the dismissal of the case for lack of jurisdiction).

### 2. Defendants Seek Certain Costs That They Are Not Allowed To Recover Under The Local Rules

Defendants seek over $13,000 in costs, yet have submitted invoices for items in the amount of $7,390.82 that they are not allowed to recover under the Local Rules. Specifically, Defendants are prohibited from recovering costs for rough drafts of deposition transcripts (L.R. 54-4.6(a)), the costs of videotaped depositions (L.R. 54-4.6(a)), and data imaging for discovery (L.R. 54-4.11). *See Cazares v.*

1  *Pac. Shore Funding*, 2006 WL 149106, at *10 fn. 8 (C.D. Cal. Jan. 3, 2006)
2  (noting that the Local Rules should be followed and enforced).

3      Defendants seek $6,060.87 for imaging documents. However, it is unclear
4  from Defendants' motion and itemized bills why Defendants incurred these costs.
5  Presumably, these items are copying costs incurred in producing discovery. But
6  under Local Rule 54-4.11, costs for copies can only be recovered if the copies
7  pertain to exhibits which are actually filed or are admitted into evidence. *See*
8  Local Rule 54-4.11(a) ("other than exhibits, the costs of copies of documents filed
9  and served is generally not taxable"). Therefore, Defendants are not entitled to
10 these costs.

11     Defendants' Bill of Costs seeks reimbursement for certain deposition costs.
12 However, an examination of the itemized bills indicates that Defendants seek
13 $1,037 in costs for videotaped depositions. Under Local Rule 54.4-6(a),
14 Defendants are prohibited from recovering these costs. Defendants also seek
15 $292.95 for rough drafts of the deposition transcripts. Defendants are also
16 prohibited from recovering costs for rough drafts of deposition transcripts under
17 Local Rule 54-4.6(a). *See also United States ex rel. Swan v. Covenant Care, Inc.*,
18 2003 U.S. Dist. LEXIS 19489, at **7-8 (E.D. Cal. Sept. 8, 2003) (disallowing
19 costs for rough drafts of deposition transcripts where defendant failed to explain
20 why a rough copy was necessary where defendant also received a regular copy).

21     Accordingly, the Local Rules prohibit Defendants from recovering
22 $7,390.82 out of Defendants' total purported costs of $13,014.42.

23     **3.    Defendants' Reliance On *Otay Land Co.* Is Misplaced**

24     Defendants rely heavily on *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d
25 1152 (9th Cir. 2012) for the proposition that Defendants should recover all their
26 costs. However, Defendants' reliance is misplaced because *Otay Land Co.*
27 involved a different procedural posture and egregious litigation conduct on the part
28 of plaintiff's counsel that is lacking here.

Procedurally, the *Otay Land Co.* parties engaged in substantial discovery in a case that lasted from December 2003 to May 2012 and involved two separate appeals. *Id.* at 1154. On remand, the *Otay Land Co.* court noted that the parties expended significant resources on discovery "as evidenced by three amended complaints, multiple expert depositions, multiple discovery disputes, and motions for reconsideration and appeals, resulting in 386 docket entries prior to the first appeal." *Otay Land Co. v. United Enters.*, 2012 WL 1899799, at *3 (S.D. Cal. May 24, 2012). This action, by contrast, was only pending for 7 months and did not involve any appeals, motions to compel, or motions for reconsideration.

Additionally, the defendants in *Otay Land Co.* were awarded costs because of the egregious litigation conduct by plaintiff's counsel. The *Otay Land Co.* court noted that the plaintiff had "pursued a 'scorched earth' strategy throughout this litigation, including *ad hominem* attacks on this Court accusing it, in a less than flattering way, of 'ruminating' and making 'uninformed' decisions." *Id.* at *4. Such facts are lacking here. The *Otay Land Co.* court also awarded costs because the plaintiff's "federal claims were weak" and the plaintiff lacked a basis to file in federal court. *Id.* at *3. Here, by contrast, federal jurisdiction was conferred by federal statute. And Mr. Preston had a strong basis to file a RESPA claim in federal court based on Fidelity's settlement with HUD that resulted from an egregious kickback scheme Fidelity has never disputed. Thus, the factors supporting an award of costs in *Otay Land Co.* are not present in this action.

Because this Court did not make any findings on the merits of Mr. Preston's claims and none of the factors justifying costs in *Otay Land Co.* are present here, the totality of the circumstances weighs against awarding costs. *Rocawear Licensing LLC v. Pacesetter Apparel Grp.*, 2007 WL 5289739 (C.D. Cal. Oct. 17, 2007) (refusing to award costs under 28 U.S.C. § 1919 because the case was dismissed for lack of personal jurisdiction and the court made no ruling on the merits).

-7-   OPPOSITION TO MOTION TO TAX COSTS
Case No. CV 11-09746 DSF (AGRx)

## V. CONCLUSION

For the foregoing reasons, Mr. Preston requests that Defendants' motion be denied. In the alternative, Defendants should be prohibited from recovering $7,390.82 out of Defendants' total costs of $13,014.42.

Dated: August 20, 2012

Respectfully submitted,

CHAPIN FITZGERALD & BOTTINI LLP

EDWARD D. CHAPIN
(echapin@cfblawfirm.com)
FRANCIS A. BOTTINI
(fbottini@cfblawfirm.com)
KEITH M. COCHRAN
(kcochran@cfblawfirm.com)


 /s/ *Francis A. Bottini, Jr.*
Francis A. Bottini, Jr., Esq.

550 West "C" Street, Suite 2000
San Diego, CA 92101
Tel:   (619) 241-4810
Fax:   (619) 955-5318


BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP

BLAIR A. NICHOLAS
(blairn@blbglaw.com)
BENJAMIN GALDSTON
(beng@blbglaw.com)
DAVID KAPLAN
(davidk@blbglaw.com)
LAURENCE REZA WRATHALL
(laurence.wrathall@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Attorneys for Plaintiff*