Michael J. Gleason SBN 279434
mgleason@hahnlaw.com
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
sagoldfarb@hahnlaw.com
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

[Additional Counsel Listed on Signature Page]

Attorneys for Defendants Fidelity National Financial,
Inc.; Fidelity National Home Warranty Company; Fidelity
National Title Insurance Company; Lawyers Title Company;
Chicago Title Company; Commonwealth Land Title Company;
and Ticor Title Company of California

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| PAUL PRESTON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation, *et al.*,<br>Defendants. | Case No. CV11-09746 DSF (AGRx)<br><br>JUDGE DALE S. FISCHER<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TAX COSTS UNDER 28 U.S.C. § 1919**<br><br>**Hearing Date:  September 10, 2012**<br>**Hearing Time: 1:30 p.m.** |

4930652

**INTRODUCTION**

Plaintiff's brief is rife with inaccurate statements of law and inapposite authority.  But, more importantly, he all but admits that the implausible argument he used to prolong this litigation—that he somehow paid for the home-warranty contract at issue—lacked merit from the beginning.  His opposition thus proves that two factors from *Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152 (9th Cir. 2012)—culpable conduct and weak jurisdictional basis—weigh heavily in favor of awarding Defendants their just costs.

Further, Plaintiff attempts unsuccessfully to apply the local rules governing awards of costs *by the Clerk*.  Because clerks lack authority to award costs under 28 U.S.C. § 1919, those rules portend nothing here.  Also, Plaintiff's attacks on individual costs founders.  Defendants incurred those expenses as part of their effort to show Plaintiff's lack of standing.  Plaintiff proved that he was "[n]ot interested in addressing the jurisdictional issue" and "relentlessly pushed past the question."  *Otay Land Co. v. U.E. Ltd., L.P.*, No. 03-2488, 2012 WL 1899799, at *3 (S.D. Cal. May 24, 2012) (awarding costs under 28 U.S.C. § 1919).  Thus, Plaintiff fails to rebut Defendants' entitlement to just costs.

**LAW AND ARGUMENT**

**I.    DEFENDANTS' MOTION IS TIMELY.**

Citing L.R. 54-3, Plaintiff argues that "the deadline to file a motion for costs has expired."  [Opp. 3.]  But that rule specifies when a prevailing party must, under Civil Rule 54(d), file a Notice of Application to the Clerk to Tax Costs on Form CV-59.  *See* L.R. 54-3.

Plaintiff wrongly conflates an application to tax costs under Civil Rule 54(d) (which the Clerk can grant) with a motion for costs under 28 U.S.C. § 1919, which only the Court can grant.  *See, e.g., Otay Land Co.*, 672 F.3d at 1157

4930652

1    (noting that "§ 1919 stands in stark contrast to costs under Rule 54(d)"); *Ericsson*
2    *GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 179 F.R.D. 328,
3    330 (N.D. Ala. 1998) ("Section 1919…does not authorize the clerk to take any
4    action whatsoever with respect to costs.  Rather, that section authorizes only the
5    taxation of costs by the court itself[.]").  Indeed, "costs under Rule 54(d) may
6    not be awarded where an underlying claim is dismissed for lack of subject matter
7    jurisdiction."  *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003); *see also*
8    *Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (rejecting district court's
9    finding of "interplay" between Civil Rule 54(d) and "free-standing cost provision"
10   in different rule).  Nothing in Plaintiff's brief supports the idea that a court can,
11   should, or must engraft the filing deadline for Civil Rule 54(d) onto a motion
12   for just costs under 28 U.S.C. § 1919.

13           Section 1919 does not itself contain a filing deadline.  Therefore, Plaintiff's
14   timeliness argument falls apart.

15   **II.     PLAINTIFF'S VIEW OF "NECESSARY" COSTS IS OFF BASE.**

16           Plaintiff contends that Defendants should recover no costs because none
17   "were necessary to determine whether the Court had subject-matter jurisdiction."
18   [Opp. 4.]  Any effort "beyond obtaining" his HUD-1 statement, Plaintiff claims,
19   was "unnecessary" because that paper conclusively showed his lack of standing.
20   [Opp. 5.]  That argument does little to support Plaintiff's position.

21           **A.     Plaintiff Relies on Cases in Which Courts Postponed Decisions**
22                   **on Merits-Related Costs Due to Pending State Litigation, Which**
                     **Is Not a Factor Here.**
23

24           In arguing that "only costs incurred in order to determine whether subject
25   matter jurisdiction was lacking are recoverable[,]" Plaintiff cites two decisions.
26   [Opp. 4-5 (citing *Plata v. Darbun Enters., Inc.*, No. 09-CV-0044, 2010 WL
27   3184298 (S.D. Cal. Aug. 11, 2010); *Lukevich v. Station Casinos*, No. 2:08-CV-

28

2

00141, 2009 WL 4338224 (D. Nev. Nov. 24, 2009)).].  In *Plata* and *Lukevitch*, after dismissal in federal court due to lack of subject-matter jurisdiction, the plaintiffs refiled their claims in state court.  *Plata*, 2010 WL 3184298, at *5; *Lukevich*, 2009 WL 4338224, at *2.  Awarding costs related to the merits of the refiled claims, the courts held, should be decided after the new lawsuits conclude.  But costs "incurred in obtaining dismissal of the action for lack of jurisdiction" in federal court were taxable, both courts found. *See Lukevich*, 2009 WL 4338224, at *2; *Plata*, 2010 WL 3184298, at *5.

Unlike in *Plata* and *Lukevich*, no parallel state litigation involving Plaintiff exists here.  That, the Ninth Circuit has recognized, "is enough to distinguish" that line of cases.  *Otay Land Co.*, 672 F.3d at 1159.  So, that *Plata* and *Lukevich* declined to award merits-related costs under § 1919 has no bearing on this case.

More to the point, the effort in those cases to sever merits-related costs from dismissal-related costs is inapposite.  No authority in Plaintiff's brief suggests—much less holds—that a court should do that in the absence of refiled state-court claims.

### B.     Plaintiff's Narrow View of Reasonably Necessary Costs Has No Basis in Law.

The only necessary cost, Plaintiff posits, is that associated with "obtaining [his] HUD-1 settlement statement[.]"  [Opp. 5]  That may well be apparent to all *now*, but that cannot control the question of what costs were reasonably necessary *at the time they were incurred*.  Costs are recoverable based on a simple showing that they were "reasonably necessary for use in the case" even if the underlying materials were ultimately "not used at trial[.]"  *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (affirming § 1919 award of costs).

To hold otherwise would penalize Defendants for proving that Plaintiff wrongfully invoked the Court's jurisdiction.  "At the time the parties engage in

3

4930652

discovery,…they may not know whether [a dispositve] motion will be granted or whether they will be forced to proceed to trial." *Id.*  So "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial." *Id.*

"It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.*

Here, Plaintiff does not deny, and thus tacitly concedes, that Defendants' costs were incurred for matters necessary for use in the case.  Thus, his focus on the effort to obtain his HUD-1 statement runs aground.

## III. PLAINTIFF'S ADMISSION THAT THE STANDING ISSUE WAS IRREFUTABLY RESOLVED BY HIS HUD-1 STATEMENT ONLY BOLSTERS DEFENDANTS' ENTITLEMENT TO JUST COSTS.

By arguing that Defendants' costs were unnecessary because his HUD-1 statement "reflects that the seller paid for the home warranty contract," Plaintiff tacitly concedes the weakness of his position throughout this litigation—that regardless what the HUD-1 shows, the "economic reality" was that he paid for the contract.  [*See* Doc. No. 70 at 1.]  Despite the obvious lack of merit in that position, Plaintiff stuck to it and extended the litigation as long as possible— seven months—until this Court finally had the opportunity to reject it at summary judgment.  [Doc. No. 78 at 2.]  Plaintiff's taking of this meritless position and drawing out the litigation when it was clear that the HUD-1 proved that he lacked standing underscores the existence of two *Otay* factors—culpable conduct and weakness of his jurisdictional claim.

4930652

1    Plaintiff half-heartedly attempts to distinguish his conduct from the

2    "egregious" conduct in *Otay* because his ill-fated efforts lasted "only" seven

3    months, and his jurisdictional claim was "strong" because jurisdiction "was

4    conferred by federal statute."  [Opp. 7.]

5          Those arguments miss the mark.  Forcing a defendant to participate in

6    expensive litigation for seven months when a document in Plaintiff's possession

7    clearly showed that he lacked standing is egregious by any definition of the term.

8    Further, his jurisdictional claim is no stronger because he sued under a federal

9    statute.  The fact remains that Plaintiff never had standing to pursue that claim.

10   Like the plaintiff in *Otay Land Company*, Plaintiff "relentlessly pushed past"

11   the jurisdictional question and showed no interest in "addressing" it.  *Otay Land*

12   *Co.*, 2012 WL 11899799, at \*3.  Also, that the plaintiff in *Otay Land Company*

13   sued under a federal statute had no bearing on the court's ultimate determination

14   that the jurisdictional claim was weak.  *See id.* at \*3-4.[1]

**IV.   BECAUSE L.R. 54 DOES NOT GOVERN COSTS AWARDED**
**PURSUANT TO 28 U.S.C. § 1919, ITS LIMITATIONS DO NOT**
**APPLY HERE.**

          Plaintiff argues that, because certain costs Defendants seek are not

recoverable under L.R. 54, they are not recoverable in this Motion.  He is wrong.

That rule "does not bind the [Court] in awarding costs under § 1919; instead,

at its discretion, the [Court] may award any costs it deems '"just."'  *Otay Land*

*Co.*, 672 F.3d at 1160 n.5 (rejecting argument about alleged impact of local rule).

---

[1] Plaintiff briefly cites *Rocawear Licensing LLC v. Pacesetter Apparel Group*,
No. CV 06-3093, 2007 WL 5289739 (C.D. Cal. Oct. 17, 2007) for the proposition
that Defendants are not entitled to costs, but that case is not persuasive.  The case
pre-dates *Otay* and contains no analysis explaining why the court declined to
award just costs.

5

4930652

The standards for awarding costs under 28 U.S.C. § 1920 are "helpful" in determining "what costs to award" under § 1919. *Id*. at 1160. Defendants showed in their motion how recovery of their costs comports with § 1920. [Doc. No. 82-1 at 4-5.] Plaintiff does not dispute that showing.

Instead, Plaintiff takes issue with costs that Defendants incurred for data imaging, videotaped depositions, and rough drafts of two deposition transcripts. [Opp. 5-6.] Defendants needed to scan potentially relevant discovery material to have it available in the electronic format that Plaintiff demanded. [*See* Doc. No. 40 at 7 (demanding that all ESI "be produced in native format linked to single page tagged image file format ('TIFF')" and "identified by an Opticon cross-reference file" with "[a]ll metadata... produced in text format linked to the associated file"); Declaration of Derek E. Diaz ("Diaz Decl.") (attached as Exhibit A) ¶ 2.]

Defendants obtained videotaped transcripts of two witnesses who were actual participants in Plaintiff's real estate transaction, Fulton Wright (Plaintiff's real estate agent) and Michelle Carr (the escrow officer). [Diaz Decl. ¶ 3.] Because these witnesses played a central role in that transaction, Defendants' counsel believed that videotaping the depositions was warranted, for possible use at trial. [Diaz Decl. ¶ 4.] Indeed, Plaintiff videotaped the deposition of the seller's broker, Ryan Lenocker. [*See* 4/3/2012 Deposition of W. Ryan Lenocker at 7 (relevant pages attached as Exhibit B).] That strongly suggests that Defendants' taping of the other two depositions was reasonably necessary.

Defendants' counsel also obtained rough transcripts for the depositions of Mr. Wright and Ms. Carr. [Diaz Decl. ¶ 5] They did so because they needed to have those transcripts ready for use at Plaintiff's deposition, which was scheduled first for April 13, 2012, and then April 24, 2012. [Diaz Decl. ¶ 5.] Accordingly, those costs were reasonably necessary at the time.

6

4930652

**CONCLUSION**

For these reasons, the Court should not find Plaintiff's opposition persuasive and should award Defendants their just costs as detailed in their Bill of Costs and as permitted by 28 U.S.C. § 1919.

4930652

Date:  August 27, 2012          /s/ Michael J. Gleason
_____
Michael J. Gleason SBN 279434
mgleason@hahnlaw.com
HAHN LOESER & PARKS, LLP
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

Steven A. Goldfarb (admitted *pro hac vice*)
sagoldfarb@hahnlaw.com
Derek E. Diaz (admitted *pro hac vice*)
ddiaz@hahnlaw.com
HAHN LOESER & PARKS, LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114-2316
Telephone: 216.621.0150
Facsimile: 216.241.2824

Mark E. Schiffman, SBN 62654
Mark.Schiffman@fnf.com
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 216.810.4300
Facsimile: 619.810.4301

James A. Moss, SBN 84441
James.Moss@fnf.com
FIDELITY NATIONAL LAW GROUP
915 Wilshire Boulevard, Suite 2100
Los Angeles, California 90017
Telephone: (213)438-4418
Facsimile: (213) 438-4417

Attorneys for Defendants
Fidelity National Financial, Inc.; Fidelity
National Home Warranty Co.; Fidelity
National Title Insurance Co.; Lawyers
Title Co.; Commonwealth Land Title Co.;
Ticor Company of California; and Chicago
Title Co.

8

4930652

## CERTIFICATE OF SERVICE

I certify that on August 27, 2012, a copy of the foregoing were served on the following counsel of record via the Court's CM/ECF filing system:

Edward D. Chapin, Esq.
Francis A. Bottini, Esq.
Jill M. Sullivan, Esq.
Jennifer M. Chapman, Esq.
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West "C" Street, Suite 2000
San Diego, California 92101
Telephone: 619.241.4810
Facsimile: 619.955.5318


Blair A. Nicholas, Esq.
Benjamin Galdston, Esq.
David Kaplan, Esq.
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: 858.793.0070
Facsimile: 858.793.0323


Attorneys for Preston and the Putative Classes


Date: August 27, 2012          */s/ Michael J. Gleason*

                               Michael J. Gleason,
                               Attorney for Defendants

9

4930652