UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-9746 DSF (AGRx) | Date | 8/31/12 |
| Title | Paul Preston v. Fidelity National Financial, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Tax Costs (Docket No. 82)

    The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 10, 2012 is removed from the Court's calendar.

    Plaintiff filed a class action complaint alleging that Defendants have been paying kickbacks to real estate agents and brokers in exchange for the brokers selling Defendants' services to their clients in violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607(a). On June 19, 2012, the Court dismissed the action for lack of subject matter jurisdiction. (Docket No. 78.) Judgment was entered on June 21. (Docket No. 80.) Defendants move to tax costs pursuant to 28 U.S.C. § 1919. (Docket No. 82.)

    Section 1919 provides that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. In evaluating a motion for costs, "a district court should consider what is most fair and equitable under the totality of the circumstances." Otay Land Co. v. United Enters., Ltd., 672 F.3d 1152, 1157 (9th Cir. 2012). This involves two steps: (1) considering whether an award of costs is equitable, and (2) determining an appropriate amount of costs. Id. Where a case is dismissed for lack of subject matter jurisdiction, there is no presumption that the "prevailing" party is entitled to costs under § 1919. Id. Determining whether an award of costs is equitable may include considerations such as the strength of the jurisdictional claim, the existence of culpable behavior or exigent circumstances, and the existence of parallel state court proceedings. See id. at 1158-60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

The award of costs in this case is equitable and just given the notable weakness of Plaintiff's jurisdictional claim. Specifically, in contending that subject matter jurisdiction existed, Plaintiff relied on the spurious argument that, even though he had not actually purchased the relevant real estate service whose price was allegedly inflated, the "economic reality" of the situation indicated that he had nevertheless suffered injury. (See Order at 4 (rejecting Plaintiff's argument).) The Court also found that many of Plaintiff's assertions of factual "disputes" were not made in good faith. (See id. at 1-2, nn.1-4.) The Court declines to determine whether Plaintiff's behavior is "culpable" or constitutes "exigent circumstances," as such a finding is not a "threshold requirement" for the award of costs. Otay, 672 F.3d at 1158. However, the obvious meritlessness of Plaintiff's jurisdictional claim, exacerbated by Plaintiff's frivolous arguments, certainly renders an award of costs equitable under § 1919. There are no parallel state court proceedings of which the Court is aware.

Plaintiff argues that Defendants' motion to tax costs is untimely under Local Rule 54-3. (Opp'n at 3.) However Local Rule 54 applies to the taxation of costs under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), not § 1919. Otay, 672 F.3d at 1160 n.5. Defendants' motion is not untimely.

Plaintiff also argues that the amount of costs Defendants claim is inappropriate. Plaintiff argues that some of the requested costs are barred by Local Rules 54-4.6 and 54-4.11, (Opp'n at 5), and that Defendants are entitled only to the cost of obtaining Plaintiff's HUD-1 Settlement Statement (which showed that he did not pay for the relevant real estate service) because this was the only cost that was "necessary" to establish the lack of subject matter jurisdiction, (id. at 4). Plaintiff's arguments based on the Local Rules are rejected, as those rules do not apply to cost awards under § 1919. Otay, 672 F.3d at 1160 n.5.

A district court may award "any costs it deems 'just.'" Id. The standards applied under § 1920 may be helpful in determining what costs to award, but they are not binding. See id. at 1160 & n.5. For costs to be awarded under § 1919, it is not imperative that they involved activities that were integrally related to determining the subject matter jurisdiction issue. See id. at 1157-58 (citing Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 179 F.R.D. 328, 334 (N.D. Ala. 1998)) (referring to the district court's "broad discretion" and noting that a "driving motivation" of § 1919 is to "deter improper or wrongful invocations of federal jurisdiction"). The cases cited by Plaintiff are distinguishable. See Plata v. Darbun Enters., Inc., 2010 WL 3184298, at *5 (S.D. Cal. Aug. 11, 2010) (declining to award costs relating to the merits of the action because those costs might be obtained in pending state court proceedings); Lukevich v. Station Casinos, 2009 WL 4338224, at *2 (D. Nev. Nov. 24, 2009) (same).

Defendants claim: (1) filing fees; (2) fees for service of process; (3) fees for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

reporter's transcripts; (4) the cost of taped depositions; (5) witness fees; (6) and the cost of "certification, exemplification, and reproduction of documents," which apparently consists of document imaging.  The Court concludes that an award of the requested costs is fair and just.  Defendants were forced to defend against this litigation even though Plaintiff's jurisdictional claims were incredibly weak, and litigation was arguably protracted based on Plaintiff's lack of good faith.  Cf. Ericsson, 179 F.R.D. at 334 (reducing the amount of awarded costs where the plaintiff's claims – both as to jurisdiction and the merits – were far from frivolous, stating "this is not a circumstance that cries out for the imposition on plaintiff of sizeable costs of defense, many of them unnecessary under any thoughtful § 1920 analysis").  Many of the requested costs relate directly to the issue of subject matter jurisdiction.  For example, Defendants request costs for the videotaped depositions of Michelle Carr (the escrow officer) and Fulton Wright (Plaintiff's real estate agent).  (See Diaz Decl. in Supp. of Reply (Diaz Decl.) ¶ 4.) Defendants rely on both of these depositions in their summary judgment motion, which was based entirely on challenging Plaintiff's standing.  Moreover, the entirety of the litigation was directed at challenging Plaintiff's standing, (see Docket Nos. 20, 58), and therefore there are few costs relating to the "merits" that do not involve the jurisdictional issue.  The Court concludes that, based on the circumstances of the case, it is just and fair to award Defendants the costs – such as filing fees, witness fees, service of process fees, and document imaging fees[1] – that would be incurred in any generic action, as well as those incurred in determining the merits of the jurisdictional issue.  Furthermore, Defendants have submitted evidence that document imaging was required to comply with discovery demands, and was not incurred merely for Defendants' own convenience, (Diaz Decl. ¶ 2; Reply at 6).  Cf. Lukevich, 2009 WL 4338224 at *2 (declining to award copying costs where the defendant made no showing that the copies were "necessarily obtained for use in the case" as opposed to "merely for convenience").

Defendants' motion is GRANTED.  An award of $13,014.42 is taxed as "just costs" under 28 U.S.C. § 1919.


IT IS SO ORDERED.

---

[1] All of these fees – with the exception of fees for service of process – fall within the scope of § 1920.